821 So.2d 452 (2002)
ULICO CASUALTY COMPANY, Appellant,
v.
ROGER KENNEDY CONSTRUCTION, INC., a Florida corporation, Appellee.
No. 1D01-2650.
District Court of Appeal of Florida, First District.
July 19, 2002.
Edward Etcheverry, Guy W. Harrison and Jana Marie Fried of the Law Offices of Edward Etcheverry, P.A., Ft. Lauderdale, for Appellant.
Kimberly A. Ashby of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellee.
PER CURIAM.
Ulico Casualty Company appeals from an order denying its post-judgment motion for attorney's fees on the basis that it was untimely under Florida Rule of Civil Procedure 1.525, because it was filed more than 30 days after the final judgment was entered in construction litigation against appellee, Roger Kennedy Construction, Inc. We affirm on all issues and address only that pertaining to the application of rule 1.525.
The trial court entered a final judgment in favor of Ulico and the subcontractor under its bond, Eubanks Excavating Company, against the general contractor, Robert Kennedy Construction, on January 17, 2001. Ulico filed its motion for attorney's fees 47 days later on March 6, 2001. In finding Ulico's motion to be untimely, the trial court relied on rule 1.525, which became effective on January 1, 2001. See Amendments to Fla. Rules of Civil Procedure, 773 So.2d 1098, 1099 (Fla.2000). That rule provides: "Any party seeking a *453 judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment[.]"
In support of its argument for reversal, Ulico relies upon cases such as United States Fidelity & Guaranty v. Martin County, 669 So.2d 1065 (Fla. 4th DCA 1996), which held that a motion for attorney's fees was not untimely, even though it was filed eight days after the appellate court had affirmed the trial court's order granting summary judgment. That case, however, was decided prior to the January 1, 2001, adoption of rule 1.525, when case law permitted motions for attorney's fees to be filed within a "reasonable time" after entry of the final judgment. Rule 1.525, however, specifically states that such motions "shall" be served within 30 days after filing of the judgment.
We cannot say that the trial court erred in concluding that Ulico's motion was untimely under rule 1.525, because the rule employs the word "shall," which is generally interpreted to be mandatory in its application, and because the Committee Notes appended to the rule explain that the rule was "intended to establish a time requirement to serve motions for costs and attorneys' fees."
AFFIRMED.
ALLEN, C.J., ERVIN and KAHN, JJ., CONCUR.