832 So.2d 200 (2002)
Miguel DIAZ and Cindy Diaz, Appellants,
v.
Grace M. BOWEN; William H. Boykin; Exchange Realty, Inc., a Florida corporation; Joann Warren; Michael E. Norris; Dee Norris; and Brokers Realty of Central Florida, Inc., a Florida corporation, Appellees.
No. 2D01-4356.
District Court of Appeal of Florida, Second District.
December 4, 2002.
R. James Platt, Lakeland, for Appellants.
Robin H. Stevenson, Winter Haven, for Appellee Grace M. Bowen.
ALTENBERND, Judge.
Miguel and Cindy Diaz appeal an order awarding attorneys' fees and costs in favor *201 of the defendant, Grace M. Bowen. We reverse the order because Ms. Bowen did not file a timely motion for fees and costs pursuant to Florida Rule of Civil Procedure 1.525.
The Diazes purchased a house from Ms. Bowen in 1997. Soon thereafter, they discovered a sinkhole. In September 1998, the Diazes sued Ms. Bowen and others alleging that they failed to disclose this condition at the time of purchase. In her answer to the complaint and in her subsequent answers to several amended complaints, Ms. Bowen alleged her entitlement to attorneys' fees under the real estate contract. These answers contained a motion for an award of fees and costs. There is no question that Ms. Bowen properly pleaded an entitlement to fees and costs. See Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991).
This case went to trial in 2001, and the trial court entered a directed verdict in favor of Ms. Bowen. The trial court entered a final judgment in favor of Ms. Bowen on April 10, 2001.[1] Other defendants served motions for attorneys' fees or costs within thirty days of this judgment. Ms. Bowen did not serve her motion until June 26, 2001, seventy-seven days after final judgment. The trial court granted fees on this motion stating that it was not untimely. Apparently, the trial court concluded that the earlier pleadings complying with Stockman eliminated the need to file a timely postjudgment motion. We disagree.
While this case was pending in circuit court, the supreme court adopted Florida Rule of Civil Procedure 1.525 on October 5, 2000, to become effective on January 1, 2001. Amendments to Florida Rules of Civil Procedure, 773 So.2d 1098 (Fla.2000). This rule states:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Id. at 1119-20. Ms. Bowen's motion was untimely under this rule. The new rule applied to this action pending in 2001. Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452 (Fla. 1st DCA 2002) (holding trial court properly denied untimely motion under rule 1.525 in case commenced prior to January 1, 2001). Ms. Bowen did not file any motion seeking an extension of time to file this postjudgment motion for attorneys' fees.
A request for fees and costs contained within a complaint or answer is not self-effectuating. It merely places one's adversary on notice that a claim for fees and costs will be made at the conclusion of the case. See Stockman, 573 So.2d at 837. To recover fees and costs, a party must file a posttrial pleading and supporting proof. Rule 1.525 was created to establish a bright-line rule to resolve the uncertainty surrounding the timing of these posttrial motions. See, e.g., Shipley v. Belleair Group, Inc., 759 So.2d 28, 30 (Fla. 2d DCA 2000) (suggesting usefulness of bright-line rule for timing requirements); see also Fla. R. Civ. P. 1.525 (court commentary) (distinguishing rule's time requirements for postjudgment motions from pretrial pleading requirements in Stockman).
Ms. Bowen's motion was untimely, and she had not obtained an extension of time in which to file this motion. Accordingly, *202 her motion should have been stricken or denied. See Ulico Cas., 821 So.2d 452.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] The Diazes appealed this final judgment, and this court affirmed that judgment without written opinion. See Diaz v. Bowen, 814 So.2d 1040 (Fla. 2d DCA 2002) (table).