845 So.2d 296 (2003)
Susan A. WENTWORTH, Appellant,
v.
Larry B. JOHNSON, Appellee.
No. 5D02-2543.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
*297 Denise A. Lyn, Lyn & Phipps, Inverness, for Appellant.
Denise VanNess, VanNess & VanNess, P.A., Crystal River, for Appellee.
MONACO, J.
In this action for dissolution of marriage the appellant, Susan A. Wentworth ("Wife"), appeals from an order dismissing her claim for attorney's fees against her former husband, Larry B. Johnson ("Husband"), because she failed to file her motion seeking fees within the 30-day time limit set out in Rule 1.525, Fla. R. Civ. P. We affirm the ruling of the trial court, but do so without prejudice to the Wife to seek relief in accordance with Rule 1.090, Fla. R. Civ. P.
This rather protracted litigation was the subject of an Amended Final Judgment of Dissolution of Marriage rendered in 2000. At that time the trial court dissolved *298 the marriage between the parties, but reserved ruling on certain distribution issues, and retained jurisdiction for the entry of "any further orders that may become necessary." Shortly before rendition of this order, the Husband sought to have the Wife produce her attorney's billing statements concerning the legal work performed on her behalf. The trial court denied the Husband's motion to compel, but ordered that, "Neither party may proceed with a claim for attorney's fees until they produce billing records." It thereafter reserved jurisdiction on the issues associated with fees and costs.
For reasons not germane to this appeal, all issues relating to the marriage with the exception of the dissolution itself were retried, and a comprehensive final order resolving the claims of equitable distribution of assets and debts, valuation, and alimony was rendered in final form on January 24, 2002. The issues of entitlement and amount of attorneys' fees and costs were not tried or resolved by the final order, however, as billing records had still not been exchanged. Instead, the order directed that a "hearing on the previously reserved issue of attorney's fees and costs shall be set by the parties upon proper notice." At this point neither party had actually filed a motion for fees and costs.
On March 26, 2002, 61 days after the entry of the final judgment, the Wife served the billing records of her attorney on the Husband, along with her motion for attorney's fees. The Husband responded with a motion to dismiss the claim for attorney's fees and costs (probably intending a motion to strike), asserting that the Wife had waived her right to seek such fees by failing to comply with the 30-day deadline contained in Rule 1.525.
At the hearing on the motion to dismiss the Wife argued two alternative positions. First, she posited that the time limit established by Rule 1.525 was automatically extended by the trial court's reservation of jurisdiction with respect to attorney's fees and costs. Next, she argued that Rule 1.090(b)(2), Fla. R. Civ. P., dealing with the discretion of a trial court to enlarge various procedural time periods, should control. The court disagreed with both positions and held that because Rule 1.525 establishes a mandatory time within which to file a motion for attorneys' fees, it supersedes the discretionary provisions of Rule 1.090. The trial judge reached the conclusion, as a result, that he could not enlarge the time for serving the motion for fees under Rule 1.090, and dismissed the motion for attorney's fees because he deemed it to be untimely. This appeal followed.
Rule 1.525, which became effective on January 1, 2001, reads as follows:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Amendments to Florida Rules of Civil Procedure, 773 So.2d 1098 (Fla.2000). Rule 1.525 applies to proceedings involving dissolutions of marriage by virtue of Rule 12.020, Fla. Fam. L.R. P., which makes the Florida Rules of Civil Procedure applicable in all family law matters except where the Family Law Rules conflict.
The rule was designed to establish a bright line to resolve any uncertainty concerning the timing of post-trial motions, and to bring them to a timely conclusion. See Diaz v. Bowen, 832 So.2d 200 (Fla. 2d DCA 2002); see also Green v. Sun Harbor, 730 So.2d 1261 (Fla.1998). A request for fees and costs contained within a complaint or answer simply puts one's adversary on notice that a claim for fees and costs will *299 be sought at the conclusion of the case. It is neither self-effectuating, nor sufficient in itself to comply with Rule 1.525. Diaz, 832 So.2d at 201. A separate motion must be filed in order to comply with this rule.
The Wife's theory that the reservation of jurisdiction by the trial court to consider fees and costs worked an automatic extension of the time for serving a motion for them is not meritorious. She argues that the supreme court's decision in Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997), applies to the present case by analogy. Gulliver dealt with the statutory requirement of § 768.79(6), Florida Statutes, for the filing of a motion for fees and costs in offer of judgment cases within 30 days of the entry of judgment. The supreme court held there that because the timing of such a motion is a procedural matter, it is governed by the Florida Rules of Civil Procedure. Enlargement of the time for filing the motion is, therefore, regulated by Rule 1.090, and not the statute. Accordingly, a reservation of jurisdiction to entertain the motion is "procedurally an enlargement of time under rule 1.090(b), which may allow a party to file late a motion for attorney fees." Gulliver, 694 So.2d at 677.
The specific language in the final order relied on by the Wife makes questionable whether it is in fact a reservation of jurisdiction for fees and costs. Even if we assume that it is, however, she is still not entitled to an automatic extension. The subject matter of attorneys' fees and costs was specifically dealt with in Rule 1.525, which was adopted by the supreme court after its Gulliver decision. Thus, the issue of whether the time limit is procedural is no longer on the table. The Wife had thirty days after the entry of the final order to serve her motion for fees and costs if she wished to be certain that her position would be considered on the merits by the trial court. She failed to meet that deadline. She may, however, still be able to salvage the consideration of her request for fees and costs as a result of Rule 1.090(b), Fla. R. Civ. P.
There is no question that the former wife served her motion for fees well beyond the 30-day limitation period, and that the trial court was correct in determining that her non-compliance worked a waiver of her right to seek fees and costs. We conclude that the trial court was not correct, however, in concluding that it had no authority to enlarge the time to serve the motion for fees and costs under Rule 1.090(b). We note in this respect that the trial court did not have the benefit of the opinion of this court in Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003), holding that the excusable neglect provisions of Rule 1.090(b) applies to the time limits of Rule 1.525, at the time it made its determination.
Rule 1.090(b) authorizes a trial court in its discretion to enlarge the time specified for the performance of acts required by the rules, order of court, or notice. Subsection (1) concerns a request for enlargement of time made before the expiration of the period originally prescribed or extended. Subsection (2), which concerns enlargements sought after the expiration of the applicable time, provides that a trial court:
[U]pon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
*300 The rule specifically lists the actions to which it does not apply and for which enlargements cannot be sought. An enlargement of time for the filing of a motion for fees and costs is not among the excluded time periods, and the Wife should have been allowed to demonstrate whether or not there was excusable neglect associated with the failure to request fees and costs in a timely manner. Because the trial court ruled that it could not enlarge the time for filing a motion for fees and costs under Rule 1.090, it has not had the opportunity to consider the merits of such a motion.
Accordingly, although we affirm the trial court's order disallowing attorney's fees and costs for failure to comply with Rule 1.525, we reverse that part of the order concluding that the trial court could not consider relief under Rule 1.090(b)(2), and remand with instructions to consider a motion for enlargement of time under that rule.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
SAWAYA, J. and LAMBERT, B., Associate Judge, concur.