884 So.2d 256 (2004)
Jenny MOLLOY f/k/a Jenny Flood, Appellant,
v.
Todd FLOOD, Appellee.
No. 2D03-4957.
District Court of Appeal of Florida, Second District.
August 13, 2004.
Catherine M. Catlin of Catherine M. Catlin, P.A., Tampa, for Appellant.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.
VILLANTI, Judge.
Wife Jenny Molloy appeals the trial court's order granting Husband Todd Flood's motion to strike her request for attorney's fees. The trial court granted the motion because the Wife failed to file a motion for attorney's fees within thirty days after the entry of the final judgment as required by Florida Rule of Civil Procedure 1.525, effective January 1, 2001. In fact, the Wife never filed a motion for attorney's fees, relying instead on her notice of hearing on the issue and a provision *257 reserving jurisdiction to determine attorney's fees in the final judgment of dissolution. The bright line established by rule 1.525 requires a separate written motion for attorney's fees to be filed within thirty days of the entry of final judgment; reserving jurisdiction in the final judgment does not automatically extend the time. See Lyn v. Lyn, 2D03-4393, 2004 WL 1635103, 884 So.2d 181 (Fla. 2d DCA July 23, 2004); Mook v. Mook, 873 So.2d 363 (Fla. 2d DCA 2004); Gulf Landings Ass'n v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003); Diaz v. Bowen, 832 So.2d 200 (Fla. 2d DCA 2002). Accordingly, we affirm and certify conflict with Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004).
Affirmed, conflict certified.
NORTHCUTT and WALLACE, JJ., concur.