886 So.2d 393 (2004)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
SOUTHTRUST BANK, an Alabama banking corporation, Appellee.
Nos. 1D03-3564, 1D04-515.
District Court of Appeal of Florida, First District.
November 15, 2004.
*394 Pamela S. Leslie, General Counsel; Marianne A. Trussell, Deputy General Counsel, Department of Transportation, Tallahassee, for Appellant.
William L. Coalson, Jacksonville; William S. Graessle of William S. Graessle & Assoc., P.A., Jacksonville, for Appellee.
WEBSTER, J.
Appellant seeks review of two orders entered in an eminent domain case. The first granted appellee's motion for an enlargement of time within which to file a motion to tax expert witness fees and costs. The second granted appellee's motion to tax supplemental fees and costs incurred in establishing entitlement to expert witness fees. We affirm.
On April 8, 2003, a stipulated final judgment was entered in appellee's favor. On May 30, 2003, copies of a motion to tax expert witness fees and costs and a motion for an enlargement of time within which to file the motion to tax fees and costs were served on appellant's attorney. The latter motion included an affidavit from appellee's attorney's secretary in which the secretary stated that she had prepared the motion to tax fees and costs on April 29, 2003, but that, due to an "oversight" on her part, it had not been filed or served on opposing counsel until she discovered it in the file on May 29. Appellant responded with a motion to strike the motion to tax fees and costs because it had not been served within the time required by Florida Rule of Civil Procedure 1.525.
In its motion for an enlargement of time, and at the hearing on that motion, appellee argued that the secretary's oversight constituted "excusable neglect" for purposes of Florida Rule of Civil Procedure 1.090(b) and that, as a result, the trial court should permit the requested enlargement of time. Appellant responded that rule 1.525 established a "bright-line rule," prohibiting consideration of the motion to tax fees and costs because it was not timely served. The trial court concluded that the secretary's oversight did constitute excusable neglect for purposes of rule 1.090(b) and, accordingly, granted the motion for an enlargement time. The trial court subsequently entered two orders relating to fees and costs  the first granting the motion to tax expert witness fees and costs, and the second taxing supplemental fees and costs incurred in establishing entitlement to the award made by the first. These consolidated appeals follow.
Appellant continues to argue on appeal that rule 1.525 establishes a bright-line rule requiring that a motion to tax fees or costs be served within 30 days of the entry of judgment. According to appellant, because appellee did not comply with the *395 rule, the trial court was not permitted to consider the motion. Appellee responds that rule 1.525 must be read together with rule 1.090(b), and the latter rule expressly permits enlargements of time such as that granted by the trial court. We agree with appellee.
Rule 1.525 reads:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
A number of cases have held that the rule was intended to supersede previous case law holding that a motion for fees or costs need only be made within a reasonable time after entry of judgment, and to replace it with a bright-line rule. See, e.g., Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452 (Fla. 1st DCA 2002); Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003); Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003). Appellant would have us end our inquiry at this point, and reverse. However, rule 1.090(b) prevents us from doing so.
To the extent pertinent, rule 1.090(b) reads:
When an act is required or allowed to be done at or within a specified time ... by these rules, ... for cause shown the court at any time in its discretion ... upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
"Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules.... Thus, when the language [of a rule] to be construed is unambiguous, it must be accorded its plain and ordinary meaning." Brown v. State, 715 So.2d 241, 243 (Fla.1998). Moreover, "rules promulgated by the supreme court which deal with the same subject matter should be construed together and in the light of each other." Dibble v. Dibble, 377 So.2d 1001, 1003 (Fla. 3d DCA 1979). Accord CPI Mfg. Co. v. Industrias St. Jack's, S.A., 870 So.2d 89, 92-93 (Fla. 3d DCA 2003) ("the rules [of civil procedure] must be read as a cohesive whole, and a rule should not be construed in such a way as to render another rule meaningless").
We perceive no ambiguity in rule 1.090(b). In clear language, it states that a trial court may enlarge the time within which to perform any "act ... required or allowed to be done at or within a specified time ... by these rules" except those acts enumerated at its end; provided that, if a motion requesting enlargement is not made until after expiration of the time specified, the moving party must demonstrate "excusable neglect." Even were we to conclude that the rule is ambiguous, however, we would still be required by the rules of construction recited above to construe rules 1.525 and 1.090(b) together, and in such a way as to avoid rendering either meaningless. To adopt appellant's position, we would have to ignore rule 1.090(b) altogether, thereby rendering it meaningless.
When read together, it seems relatively clear to us that rule 1.525 requires a motion to tax fees or costs to be served within 30 days after entry of judgment unless, by motion filed pursuant to rule 1.090(b) either before or after the 30 days has run, the movant seeks an enlargement of time. *396 If an enlargement of time is requested, the trial court may consider and rule on it according to the requirements of rule 1.090(b). That is precisely what happened in this case. We note that other courts which have considered this same issue have reached the same conclusion. See Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003); Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003) (relying on Carter); Lyn v. Lyn, 29 Fla. L. Weekly D1709 (Fla. 2d DCA July 23, 2004) (relying on Carter and Wentworth).
Appellant also argues that, even if rule 1.090(b) applies, the trial court should be reversed because appellee failed to demonstrate "excusable neglect." Again, we disagree. Our standard of review as to the issue involving construction of the rules is de novo. However, our standard of review as to the trial court's finding of excusable neglect is whether an abuse of discretion occurred. See Lyn, 29 Fla. L. Weekly at D1710. The trial court clearly did not abuse its discretion here. Courts have attributed the same meaning to the term "excusable neglect" in both rule 1.090(b) and rule 1.540(b). See Carter, 840 So.2d at 1157-58; Lyn, 29 Fla. L. Weekly at D1710. See also Bruce J. Berman, Florida Civil Procedure ¶ 090.4 [1], at 68 (2004 ed.). Here, the secretary's oversight is precisely the type of error found to constitute excusable neglect. Id. ¶ 540.5[1][a], at 649. See also Carter, 840 So.2d at 1158 n. 6 (stating that "[g]enerally, the courts do not find excusable neglect in the attorney's misunderstanding or ignorance of the law or rules of procedure.... On the other hand, the courts are much more inclined to find excusable neglect when the error occurs due to a breakdown in the mechanical or operational practices or procedures of the attorney's office equipment or staff."); Lyn, 29 Fla. L. Weekly at D1710 (citing Carter). We affirm the trial court's exercise of its discretion by permitting an enlargement of time to serve and file the motion to tax expert witness fees and costs.
Appellant's second issue asserts that the trial court committed error when it granted appellee's motion to tax supplemental fees and costs incurred in establishing entitlement to expert witness fees. Having carefully reviewed the record, we conclude that, appellant's argument to the contrary notwithstanding, the facts of this case are indistinguishable from those in State Department of Transportation v. Nassau Partners, Ltd., 878 So.2d 1286 (Fla. 1st DCA 2004) (on motion for rehearing), a recent decision of this court. Therefore, we are bound by the holding in Nassau Partners to affirm here.
AFFIRMED.
KAHN and POLSTON, JJ., Concur.