900 So.2d 670 (2005)
Jon REDDELL, Appellant,
v.
Veronica REDDELL, Appellee.
No. 5D04-2.
District Court of Appeal of Florida, Fifth District.
April 8, 2005.
Rehearing Denied May 11, 2005.
*671 Julie F. Weinberger, Kissimmee, for Appellant.
Sharon Lee Stedman, Orlando, for Appellee.
THOMPSON, J.
Jon A. Reddell, the former husband, appeals an order awarding Veronica Reddell, the former wife, attorney's fees. We reverse because the former wife failed to comply with Florida Rule of Civil Procedure 1.525.
The final judgment of dissolution of marriage was filed on 17 March 2003. In it, the court found that the former wife needed an award of attorney's fees and that the former husband had the ability to pay the former wife's fees. The court retained jurisdiction to determine the amount of the fees. In the November 2003 order awarding fees, the court stated that the former husband had moved to strike the motion because it had not been filed within 30 days after the entry of final judgment. The court stated that because the former wife had requested an award of fees and costs in her petition for dissolution of marriage, and because the court had retained jurisdiction to determine fees in the final judgment, it was not necessary for the former wife to have filed a separate motion for attorney's fees. We disagree and reverse.
Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003), is dispositive. In Wentworth, this court affirmed an order denying attorney's fees in a dissolution of marriage case, where the former wife failed to file her motion seeking fees within the 30-day time limit set out in the rule. We rejected the contention that the reservation of jurisdiction in the final judgment operated to enlarge the time within which to file a motion for fees. Id. at 299. We stated that rule 1.525 "was designed to establish a bright line to resolve any uncertainty concerning the time of post-trial motion, and to bring them to a timely conclusion." Id. at 298 (citing Diaz v. *672 Bowen, 832 So.2d 200 (Fla. 2d DCA 2002)).[1] Furthermore, we held that a request for fees and costs contained within a complaint or answer simply puts one's adversary on notice that a claim for fees and costs will be sought at the conclusion of the case, and that such request is neither self-effectuating nor sufficient in itself to comply with the rule. Id. at 298-299. See also Molloy v. Flood, 884 So.2d 256 (Fla. 2d DCA 2004). But see Wilkinson v. Wilkinson, 874 So.2d 1291 (Fla. 4th DCA 2004).
Accordingly, we REVERSE the order awarding attorney's fees.
PLEUS and MONACO, JJ., concur.
NOTES
[1] We recognize that the Florida Supreme Court recently adopted Florida Family Law Rule of Procedure 12.525 which provides that Rule 1.525 does not apply in family law proceedings. However, in adopting Rule 12.525, the supreme court expressly provided that "The new rule shall become effective immediately" and did not include any language indicating an intent to apply it retrospectively. See Natkow v. Natkow, 696 So.2d 315 (Fla. 1997) (an amendment to a rule of procedure is prospective unless specifically provided otherwise).