902 So.2d 859 (2005)
Sara SMITH, Appellant,
v.
Gregory D. SMITH, Appellee.
No. 1D03-5448.
District Court of Appeal of Florida, First District.
May 6, 2005.
Stephen S. Poché of Stephen S. Poché, P.A., Shalimar, for Appellant.
*860 Michael L. Guttmann, Pensacola, for Appellee.

ON MOTIONS FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION
ERVIN, J.
Appellee, Gregory D. Smith, seeks rehearing, and rehearing en banc of the opinion previously issued in this cause on February 8, 2005. Appellee also moves for certification of questions generated by the issue raised in this appeal as questions of great public importance. We grant the motion for rehearing for purposes of revisiting our decision, in light of the adoption of Florida Family Law Rule 12.525, effective March 3, 2005. However, we deny the relief requested by appellee. Accordingly, we withdraw the opinion issued February 8, 2005, and substitute the following in lieu thereof.
Sara Smith appeals an order striking her motion for attorney's fees incurred in a dissolution of marriage proceeding against appellee by reason of appellant's failure to file her motion within 30 days after entry of the final judgment, as required by Florida Rule of Civil Procedure 1.525. Although the trial court recognized that the instant case was distinguishable from the line of cases holding that a provision in a final judgment reserving jurisdiction to determine entitlement to attorney's fees does not act as an automatic extension of time under Florida Rule of Civil Procedure 1.090(b) to file a motion for fees, it nonetheless granted the motion to strike due to appellant's noncompliance with the 30-day provision in rule 1.525. Because rule 1.525 is inapplicable in family law proceedings, see Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005), we vacate the order granting the motion to strike and remand the case for further proceedings.
In appellant's complaint for marital dissolution, filed in 2002, she sought, among other things, an award of attorney's fees. The parties ultimately settled all issues except spousal support and attorney's fees and costs for the benefit of the petitioner/wife. Ten days before the entry of the final judgment, the wife's attorney sent the husband's attorney a letter with a copy of his statement for services performed, and it concluded with the following inquiry: "Please advise if Mr. Smith is willing to pay this amount or if I will have to set a hearing on this issue."
The Final Judgment of Dissolution of Marriage was entered August 29, 2003. The decretal portion of the judgment provided:
9. The petitioner/Wife is entitled to a reasonable attorney's fee to be paid by the Respondent/Husband. The Court reserves jurisdiction to make a determination as to the amount of this fee in the event that the parties are unable to otherwise agree.
On September 11, 2003, the wife's attorney again wrote to the husband's attorney seeking a response to the wife's request for a stipulation as to the amount of attorney's fees sought by the wife. On September 19, 2003, the husband's attorney replied, offering "the sum of $6,000.00 in full and complete satisfaction of all amounts due to your firm. This sum would be paid at the rate of $500.00 per month, until satisfied." Finally, on October 10, 2003, or 42 days after entry of the final judgment, wife's attorney filed a motion for determination of attorney's fees and costs. Thereafter, the husband's attorney moved to strike the wife's motion for fees and costs as untimely.
At the hearing on the motion for determination of the amount of attorney's fees, the husband argued that rule 1.525 requires *861 that a motion for attorney's fees and costs be served no later than 30 days from the filing of the final judgment. The wife's counsel answered, stating that despite his efforts to negotiate the amount of the fee, he had heard nothing from the husband's attorney until September 19, 2003, and that upon receipt of the response, he set a hearing on the motion for attorney's fees. Specifically addressing the husband's motion to strike, counsel for the wife noted that upon his review of case law addressing rule 1.525, he was of the opinion it did not address the circumstances of a case, such as that at issue, in which the final judgment rendered by the court explicitly stated that wife's attorney was entitled to an attorney's fee, and jurisdiction was reserved only for a determination of its amount.
In granting the motion to strike, the trial court recognized that none of the case law which it had reviewed dealt with the issue of entitlement, but it concluded that even though it had decided the question of entitlement, a party seeking fees was still required by the rule to file a motion asking for the amount of the fee within 30 days from the filing of the final judgment. The subsequent written order granting the husband's motion to strike the motion for attorney's fees states in part:
From a review of the record before the Court, the Petitioner/Former Wife's Motion for Determination of Attorney's Fees and Costs was served more than thirty (30) days after the filing of the Final Judgment of Dissolution of Marriage in this matter. Thus, the same is untimely under the plain provisions of Rule 1.525, Florida Rules of Civil Procedure.
....
... Without a motion for enlargement of time being made, the Court may not and did not reach or consider the issue of excusable neglect further.
The standard of review regarding the trial court's construction of the rules is de novo. See Dep't of Transp. v. Southtrust Bank, 886 So.2d 393, 396 (Fla. 1st DCA 2004); Gosselin v. Gosselin, 869 So.2d 667, 668 (Fla. 4th DCA 2004); see also Jensen v. Jensen, 824 So.2d 315, 322 (Fla. 1st DCA 2002), review denied, 842 So.2d 844 (Fla.2003). This court's "standard of review as to the trial court's finding of excusable neglect is whether an abuse of discretion occurred." Southtrust, 886 So.2d at 396.
Rule 1.525, effective January 1, 2001, provides:
Rule 1.525. Motions for Costs and Attorneys' Fees
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
When the trial court ruled on the issue in this case, rule 1.525 applied to dissolution of marriage proceedings pursuant to Florida Family Law Rule of Procedure 12.020, "which provides that the rules of civil procedure apply in all family law matters except as otherwise provided in the family law rules or when the family law rules conflict with the rules of civil procedure." Lyn v. Lyn, 884 So.2d 181, 183-84 (Fla. 2d DCA 2004). See also Mook v. Mook, 873 So.2d 363 (Fla. 2d DCA 2004); Gosselin, 869 So.2d at 668; Wentworth v. Johnson, 845 So.2d 296, 298 (Fla. 5th DCA 2003). In Wentworth, the court observed that a "request for fees and costs contained within a complaint or answer simply puts one's adversary on notice that a claim for fees and costs will be sought at the conclusion of the case." Wentworth, 845 So.2d at 298-99. The court concluded that in order *862 to comply with rule 1.525, a separate motion must be filed. See id. Accord Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002) ("A request for fees and costs contained within a complaint or answer is not self-effectuating.").
The Third and Fourth Districts have held that the trial court may extend rule 1.525's time period for filing an attorney's-fee motion if there is a reservation of jurisdiction in the final judgment. See Bray v. Grabowski, 905 So.2d 153, 2004); WL 3001070 (Fla. 3d DCA Dec.29, 2004); Fisher v. John Carter & Assocs., Inc., 864 So.2d 493, 496 (Fla. 4th DCA 2004); Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004). However, the Second and Fifth Districts have rejected this position, and have held that a reservation of jurisdiction cannot serve to extend the 30-day period established in rule 1.525. See Mook, 873 So.2d at 364; Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344, 345-46 (Fla. 2d DCA 2003); Wentworth v. Johnson, 845 So.2d 296, 299 (Fla. 5th DCA 2003). Although this court has agreed with the Second and Fifth Districts in deciding that the requirements of rule 1.525 are mandatory, see Atkins v. Eris, 873 So.2d 1264, 1266 (Fla. 1st DCA 2004); Ulico Casualty Co. v. Roger Kennedy Construction, Inc., 821 So.2d 452, 453 (Fla. 1st DCA 2002), it also holds that rule 1.525 must be considered in conjunction with Florida Rule Civil Procedure 1.090(b), which provides in part:
When an act is required or allowed to be done at or within a specified time ... by these rules, ... for cause shown the court at any time in its discretion ... upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect....
(Emphasis added.) See Southtrust Bank, 886 So.2d at 395. As Southtrust explains:
[R]ule 1.525 requires a motion to tax fees or costs to be served within 30 days after entry of judgment unless, by motion filed pursuant to rule 1.090(b) either before or after the 30 days has run, the movant seeks an enlargement of time. If an enlargement of time is requested, the trial court may consider and rule on it according to the requirements of rule 1.090(b).
Id. at 395-96 (emphasis added).
Although cognizant of the distinction between the facts in the case before it and those relied on by the husband's counsel, the trial court nevertheless felt constrained to grant the motion to strike because the wife had filed neither a timely motion for fees nor a rule 1.090(b) motion for enlargement of time.
We conclude the trial court's dilemma has been resolved by a decision of the supreme court issued during the pendency of this appeal. In Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005), the court agreed with the recommendation of the Family Law Rules Committee that Rule 1.525 "should not apply in family law proceedings." The court explained:
The method of taxation of attorneys' fees and costs in family law cases is quite different from that in civil litigation. Whereas the former is based on need and ability of the parties to pay, the latter is based on prevailing party considerations. Moreover, section 61.16, Florida Statutes (2004), already governs the award of attorneys' fees and costs in family law cases. See also Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997)(noting that "[a]ny determination regarding an appropriate award of attorney's fees in proceedings for dissolution of marriage, *863 support, or child custody begins with section 61.16, Florida Statutes").
Because the application of rule 1.525 in family law cases could be creating confusion among the courts, and because there already is a well-established body of statutory and case law authority regarding the award of attorneys' fees and costs in family law matters, we agree with the committee's proposal. Accordingly, we hereby adopt new Florida Family Law Rule of Procedure 12.525 as reflected in the appendix to this opinion.... The new rule shall become effective immediately.
The rule provides: "Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules."
We conclude the newly created Family Law Rule 12.525 is dispositive of appellee's arguments on appeal and in the motions for rehearing and for certification. The rule incorporates the supreme court's comments that civil procedure rule 1.525 is ill suited to family law matters. Because the supreme court's adoption of Family Law Rule 12.525 occurred during the pendency of this appeal, and the rule is a procedural, rather than a substantive, change in the law, it applies to this case. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 477 (Fla.1995); McMillian v. Dep't of Revenue ex rel. Searles, 746 So.2d 1234, 1237 (Fla. 1st DCA 1999). Therefore, the provisions of rule 1.525 are inapplicable to a motion seeking attorney's fees in a family law case filed more than 30 days after entry of final judgment.
In deciding the case in this manner, we certify that the decision in this case conflicts with a decision of the Fifth District Court of Appeal on the question whether the newly created Florida Family Law Rule of Procedure 12.525 should be applied to cases pending on appeal on the effective date of the rule. See Reddell v. Reddell, 900 So.2d 670 (Fla. 5th DCA 2005). The Reddell opinion contains a footnote expressing that court's view that because the new rule does not include language expressing an intent to apply the rule retrospectively, the rule would not apply to a case pending on appeal on the effective date of the rule. As authority for the ruling, the Fifth District cited Natkow v. Natkow, 696 So.2d 315 (Fla.1997).[1]
We are unable to reconcile the retroactivity discussion in Natkow and Reddell with the settled principle of law that procedural or remedial changes in the law are applicable to pending cases, including cases pending on appeal from a lower court. See, e.g., Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 477 (Fla.1995); Lowe v. Price, 437 So.2d 142 (Fla. 1983); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978); Florida E. Coast Ry. Co. v. Rouse, 194 So.2d 260 (Fla.1966); Galloway v. State, 802 So.2d 1173 (Fla. 1st DCA 2001); McMillian v. Dep't of Revenue ex rel. Searles, 746 So.2d 1234, 1237 (Fla. 1st DCA 1999); Fallschase Dev. Corp. v. Blakey, 696 So.2d 833 *864 (Fla. 1st DCA 1997); Lockheed Space Operations v. Pham, 600 So.2d 1261 (Fla. 1st DCA 1992) (Ervin, J., concurring); Promontory Enter., Inc. v. S. Eng'g & Contracting, Inc., 864 So.2d 479 (Fla. 5th DCA 2004); State v. Marechal, 532 So.2d 730 (Fla. 3d DCA 1988); City of Miami v. Harris, 490 So.2d 69, 73 (Fla. 3d DCA 1985).
While the new family law rule is clearly procedural, we conclude it is also remedial, in that the court's opinion creating the rule recognized it is designed to give effect to the special nature of family law, as distinct from general civil litigation. We therefore conclude that rule 12.525 applies to a case such as this which had not yet become final at the time the rule went into effect.
The order striking the motion for fees is VACATED, and the case is REMANDED for further consistent proceedings.
BARFIELD and KAHN, JJ., concur.
NOTES
[1] Ordinarily, we would be constrained by the dictates of Hoffman v. Jones, 280 So.2d 431 (Fla.1973), to follow the Natkow decision; however, nothing in Natkow reflects an intent by the court to recede from its prior decisions, such as Gupton, recognizing that procedural changes in the law apply to all pending cases. Indeed, despite Natkow's refusal to apply an amendment to a rule that became effective during the pendency of the review proceedings, the court cited In re Amendments to the Florida Rules of Civil Procedure, 131 So.2d 475, 476 (Fla.1961), which states that amendments to rules "shall be applicable to all cases then pending." Consequently, in the absence of any clear indication from the supreme court abandoning the large body of long-established case law holding the contrary, we adhere to the rule that procedural changes apply to all pending cases.