907 So.2d 1217 (2005)
Theresa Jean NORRIS, Appellant,
v.
Darrell TREADWELL, Appellee.
No. 1D04-3983.
District Court of Appeal of Florida, First District.
June 23, 2005.
David R. Black of Harrell & Johnson, P.A., Jacksonville, for Appellant.
Francis J. Milon of Harris Brown, P.A., Jacksonville, for Appellee.
HAWKES, J.
Appellant, Theresa Norris, lost at trial in her claim for personal injuries. Appellee, Darrell Treadwell, previously made an offer of judgment pursuant to section 768.79, Florida Statutes (2004). Since the judgment was one of "no liability," the statute entitles Treadwell to an award of reasonable fees and costs.
Norris now seeks relief from her obligation to pay Treadwell's attorney's fees. *1218 Norris makes a technical argument that Florida Rule of Civil Procedure 1.525 creates a very narrow "window" that only opens upon the formality of the filing of the judgment and closes 30 days later. Norris reasons that, since Treadwell's motion was served after the jury verdict but before the judgment was filed, it was outside this narrow window. Norris concludes that, by definition, the motion was untimely and must be denied.
Alternatively, Treadwell urges a reading under which the rule simply establishes a deadline for filing the motion. Having examined the law prior to the adoption of Rule 1.525, we conclude Treadwell's position represents the better view. We therefore affirm.

RULE 1.525
The Florida Supreme Court adopted Rule 1.525 to establish "the time for serving motions for attorneys' fees and costs." Amendments to Florida Rules of Civil Procedure, 773 So.2d 1098, 1098 (Fla.2000). Rule 1.525 provides: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." (Emphasis added).
Rule 1.525 eliminates uncertainty as to the timeliness of motions for fees and costs. See, e.g., Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003); Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452 (Fla. 1st DCA 2002).
Prior to the rule's adoption, a motion for fees and costs was required to be filed within a "reasonable time" after final judgment. See Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991). This "reasonable time" standard led to a great deal of uncertainty in determining the timeliness of a motion, and therefore the obligations of a party. See Shipley v. Belleair Group, Inc., 759 So.2d 28 (Fla. 2d DCA 2000) (contrasting seemingly inconsistent decisions regarding the reasonable time standard and opining that the "uncertainty created by this case law suggests that a rule of procedure concerning such motions might be appropriate").
In our view, the primary evil to be addressed by the supreme court's adoption of Rule 1.525 was the uncertainty created by excessive tardiness in the filing of motions for fees and costs. Decisions in which the courts found a motion untimely under the "reasonable time" standard generally note prejudice or unfair surprise. See, e.g., Graef v. Dames & Moore Group, Inc., 857 So.2d 257 (Fla. 2d DCA 2003); Bal Bay Realty, Ltd. v. Pepsomers Corp., 833 So.2d 320 (Fla. 4th DCA 2003).
In contrast, we have found no cases where an appellate court applied the "reasonable time" standard to a motion served before entry of judgment, and found prejudice or unfair surprise to a party, so as to conclude the motion was untimely. In fact, it is hard to imagine a situation where a motion for fees and costs, filed after an adverse jury verdict, but before filing the judgment, could ever be prejudicial or cause unfair surprise to the losing party.

CONCLUSION
We conclude the purpose of Rule 1.525 is fully accomplished by an interpretation that establishes the latest point at which a prevailing party may serve a motion for fees and costs. The party seeking fees may serve a motion as soon as entitlement is established. The motion, however, must be served no later than 30 days after *1219 filing of the judgment. Here, the jury verdict triggered entitlement. Accordingly, we affirm the order granting fees and costs to Treadwell. In doing so we certify direct conflict with Swann v. Dinan, 884 So.2d 398 (Fla. 2d DCA 2004).
VAN NORTWICK, J., concurs, and KAHN, J., dissents with opinion.
KAHN, J., dissenting.
Appellant, Theresa Jean Norris, appeals from an order awarding attorneys' fees and costs to appellee, Darrell Treadwell, pursuant to section 768.79(6)(a), Florida Statutes, the offer of judgment statute. Norris argues that Florida Rule of Civil Procedure 1.525 compelled a denial of Treadwell's motion for fees and costs because he served his motion after the jury returned a verdict of no liability in Treadwell's favor, but before entry of final judgment. According to Norris, the trial court should have found the motion untimely because it was not served during the thirty-day period following the filing of the judgment. Without faulting the "equity" of the majority's view, I would reverse the order of fees. Our supreme court, in its adoption of rule 1.525, appears to have established a bright-line test for motions to tax costs and attorneys' fees.
The Florida Supreme Court adopted rule 1.525 to establish "the time for serving motions for attorneys' fees and costs." Amendments to Fla. Rules of Civil Procedure, 773 So.2d 1098, 1098 (Fla.2000). Rule 1.525 provides: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." (emphasis added). Appellee urges a reading under which the rule simply establishes a deadline for filing the motion. Appellant reads the rule as creating a strict thirty-day window beginning with the filing of the judgment. Under the particular facts of this case, appellee's reading of the rule does no apparent damage, because the jury verdict of no liability inevitably led to fee entitlement based upon the offer of judgment. Nevertheless, I am constrained by the clear text of the rule and by judicial constructions to date.
In adopting rule 1.525, our high court created a "bright-line" rule and eliminated uncertainty as to the timeliness of motions for fees and costs. See, e.g., Swann v. Dinan, 884 So.2d 398 (Fla. 2d DCA 2004); Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003); Ulico Cas. Co. v. Roger Kennedy Constr., Inc., 821 So.2d 452 (Fla. 1st DCA 2002). In Ulico Casualty, for instance, this court noted the mandatory nature of rule 1.525, and further quoted committee notes establishing "`a time requirement to serve motions for costs and attorneys' fee'." 821 So.2d at 453 (quoting Fla. R. Civ. P. 1.525 Committee Notes (2000 adoption)); see also Atkins v. Eris, 873 So.2d 1264, 1266 (Fla. 1st DCA 2004) (characterizing the requirements of rule 1.525 as "explicit" and "mandatory"). The time "requirement" that we approved is not the same as the time "deadline" that the majority now adopts. Although we have allowed a proper motion filed under civil rule 1.090(b) to extend the time for a fee motion, we have not, until today, allowed any other exception to the requirement that a motion to tax fees or costs be served within thirty days after entry of judgment. See State, Dep't of Transp. v. Southtrust Bank, 886 So.2d 393 (Fla. 1st DCA 2004).
In the one reported case directly on point, the Second District Court found untimely *1220 a motion for fees and costs served after the jury returned its verdict, but before entry of final judgment. See Swann, 884 So.2d at 399. In Swann, an automobile negligence case, the jury returned a verdict of no liability. Id. The defendant Dinan, after the verdict, but before entry of final judgment, filed a motion to tax attorneys' fees and costs pursuant to a previously served proposal for settlement. Id. With full understanding of the implications of adhering to a bright-line rule, the court nevertheless held:
Although Swann was aware of Dinan's claim for fees and its legal basis and, therefore, can claim no prejudice, we once again conclude that as unpleasant as it is to strictly enforce rule 1.525, it must be enforced if it is to remain the "bright-line" rule as intended by the Florida Rules of Civil Procedure Committee and adopted by the supreme court.
Id.
We should reach the same result. In this decision, as in others construing a statutory entitlement to attorneys' fees, courts are guided by the principle of Florida law directing that, because attorneys' fees are in derogation of the common law, a statute allowing an award of fees should be construed narrowly. See e.g. Sarkis v. Allstate Ins. Co., 863 So.2d 210, 223 (Fla.2003); Hilyer Sod, Inc. v. Willis Shaw Express, Inc., 817 So.2d 1050, 1054 (Fla. 1st DCA 2002), approved 849 So.2d 276 (Fla.2003). The wording of rule 1.525 refers explicitly to the "filing of the judgment." The rule also uses "within," and not "before," connoting a closed period of thirty days. For example, two dictionary definitions of "within" are "[i]nside the limits or extent of in time, degree, or distance"; and "[i]nside the fixed limits of; not beyond." Am. Heritage Dictionary (2d college ed. 1985). The consequence of the majority's approach is that it revives the "reasonable time" problem, with trial courts now being faced with determining what is a reasonable time before the judgment.
Finally, section 768.79(6), Florida Statutes, creating the substantive right to fees here, does not support the result the trial court reached. Under the statute, entitlement to attorneys' fees is triggered when a defendant serves an offer not accepted by the plaintiff and "the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer." § 768.79(6)(a), Fla. Stat. (2001)(emphasis added). Also, the statute mirrors the wording of the rule by providing that the trial court shall make its determination of entitlement "[u]pon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal." § 768.79(6), Fla. Stat. (2001)(emphasis added). Thus, both the rule and the statute reference the point of judgment (in a case not involving voluntary or involuntary dismissal), and not a jury verdict, or other prejudgment event, and both, by use of the term "within," contemplate a closed period.
I would reverse.