915 So.2d 630 (2005)
C. William SHARON, Appellant,
v.
Denise C. SHARON, Appellee.
Nos. 2D03-3051, 2D03-5731.
District Court of Appeal of Florida, Second District.
September 23, 2005.
Rehearing Denied December 19, 2005.
*631 Virginia R. Vetter, Tampa, for Appellant.
Marie Tomassi and Karen E. Lewis of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellee.
SALCINES, Judge.
C. William Sharon (the "Husband") appeals from two postdissolution orders awarding attorneys' fees and costs to Denise C. Sharon (the "Wife").[1] Because the Wife failed to file a motion for attorneys' fees and costs pursuant to Florida Rule of Civil Procedure 1.525, the trial court erred in awarding her fees and costs. Accordingly, we reverse.
These parties previously appeared before this court in an appeal and cross-appeal from an August 2002 final judgment dissolving their marriage.[2] The final judgment of dissolution included a provision reserving "jurisdiction to award attorneys fees, costs and litigation expenses to either party."[3] In December 2003, we affirmed, in part, reversed, in part, and remanded for a redetermination of matters which did not concern any issues pertaining to attorneys' fees and costs. See Sharon v. Sharon, 862 So.2d 789 (Fla. 2d DCA 2003). In May 2003, while that matter was *632 pending before this court, the trial court awarded attorneys' fees and costs to the Wife. The Husband then filed this appeal.
Although the Wife had requested attorneys' fees and costs in her counterpetition to the petition for dissolution of marriage and in her amended counterpetition, at no time did she file a postjudgment motion for attorneys' fees and costs with the trial court. Instead, she simply set the matter for hearing[4] in reliance upon a provision in the final judgment which stated:
At the final hearing, the parties stipulated that entitlement and amount of any contribution to attorney's fees, costs and litigation expenses would be determined at a subsequent hearing.
This court has clearly held that rule 1.525 requires a separate written motion for attorneys' fees to be filed within thirty days of the entry of the judgment. See Molloy v. Flood, 884 So.2d 256 (Fla. 2d DCA 2004) (certifying conflict with Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004)). As in Molloy, the Wife in this case never filed a motion for attorneys' fees, relying instead on her notice of hearing on the issue and the provision reserving jurisdiction to determine attorneys' fees in the final judgment of dissolution. See Molloy, 884 So.2d at 256-57. Thus, the trial court erred in awarding attorneys' fees and costs to the Wife.[5]
During the pendency of this appeal, the Florida Supreme Court adopted a new rule, Family Law Rule of Procedure 12.525, which expressly provides that "Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules." Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). However, this court has determined that the new rule does not apply retroactively. Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005) (declining to apply rule 12.525 to a matter pending on appeal on the effective date of the new rule). But see Smith v. Smith, 902 So.2d 859, 863 (Fla. 1st DCA 2005) (holding that "[b]ecause the supreme court's adoption of Family Law Rule 12.525 occurred during the pendency of this appeal, and the rule is a procedural, rather than a substantive, change in the law, it applies to this case").
Accordingly, based on Molloy, 884 So.2d 256, and Nicoletti, 902 So.2d 215, we reverse the orders awarding attorneys' fees and costs to the Wife.
Reversed.
SILBERMAN and CANADY, JJ., Concur.
NOTES
[1] The trial court entered an initial order and an amended order. The Husband filed an appeal from each order, and the two appeals were consolidated by this court.
[2] The final judgment of dissolution of marriage was twice amended. The second amendment was filed on August 16, 2002, in an order entitled "Order on Rehearing Amending First Amended Final Judgment."
[3] We note that this court did not have jurisdiction to consider the provision for attorneys' fees at the time of the filing of that appeal. See Flanagan v. Flanagan, 673 So.2d 894 (Fla. 2d DCA 1996).
[4] Although the record does not contain a notice of hearing, it is undisputed that a notice of hearing, signed September 18, 2002, was sent by the Wife's attorneys to the Husband's attorney, that the notice did not set forth the specific ground for the request or the amount requested, and that the matters noticed for hearing were the trial court's reservation of jurisdiction on the issue of attorneys' fees and costs at trial and the Wife's motion for temporary appellate fees and costs.
[5] In light of our determination that the trial court erred in awarding attorneys' fees and costs to the Wife when she had failed to comply with rule 1.525, we do not reach the Husband's second issue concerning the propriety of the award itself.