CORTIÑAS, J.
On April 4 and 5, 2007, Sharon L. Cum-mins (“Cummins”) filed objections (“Objections”) to the personal representative’s petition for discharge, final accounting, and plan of distribution of her deceased husband’s estate. This triggered the ninety-day period for serving a notice of hearing on the Objections, which is set forth in Florida Probate Rule 5.401(d). On July 17, 2007, twelve days after the ninety-day period expired, Cummins served a notice of hearing. The personal representative of the estate filed a notice of abandonment of the Objections on the grounds they were untimely noticed for hearing. After conducting a hearing on the issue of abandonment of the Objections, the trial court found that, because Cummins failed to show good cause to expand the ninety-day time period, the Objections were abandoned and, therefore, rendered null and void. A second order stated that the final accounting and plan of distribution superseded Cummins’ petition for determination of exempt property and, as such, the petition was dismissed with prejudice. This appeal followed.
At the hearing on the abandonment of Objections, Cummins’ counsel detailed the reasons for failing to comply with the ninety-day time period for filing the notice of hearing under Florida Probate Rule 5.401(d). Counsel explained that the legal assistant responsible for procuring the hearing date was informed by the court that the presiding judge would not have a sufficient amount of time available for the hearing until September, 2007. In order to obtain an earlier hearing date, Cum-mins’ counsel decided to utilize the services of a special master. The legal assistant attempted to schedule a hearing with the special master but was informed that the attorney for the personal representative was out of the office and that only the attorney himself could place a hearing on his calendar. Subsequently, the legal assistant instructed Cummins’ counsel that she would follow-up on scheduling a hearing. However, without notice, the legal assistant ceased reporting for work in late June, 2007. On July 7, 2007, the individuals who were reassigned the legal assistant’s tasks realized that the ninety-day period for sending notice had expired. Cummins’ counsel attempted to obtain a hearing date, but because a full day was requested, the scheduling clerk could not immediately provide one. On July 17, 2007, a hearing date was set for August 29, 2007, at which time a notice of hearing was sent to the attorney for the personal representative. Additionally, throughout the course of the ninety days, Cummins’ counsel stated that the attorney for the personal representative suggested that a “global settlement” would be forthcoming, thus rendering a hearing on the Objections unnecessary.
Based on these developments, Cummins sought an enlargement of time of twelve days to file the notice of hearing as a result of excusable neglect. Florida Probate Rule 5.042(b), which is almost identical to Florida Rule of Civil Procedure 1.090(b), states, in pertinent part:
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion ...
(2) on motion made and notice after the expiration of the specified period may permit the act to be done when failure to act was the result of excusable neglect. The court under this rule may not extend the time for serving a motion for *986 rehearing or to enlarge any period of time governed by the Florida Rules of Appellate Procedure.
The ninety-day time limit for filing a notice of hearing on the Objections is not jurisdictional. The standard of review applied to a trial court’s analysis of excusable neglect is abuse of discretion. Boudot v. Boudot, 925 So.2d 409, 415 n. 2 (Fla. 5th DCA 2006) (citing Smith v. Smith, 902 So.2d 859, 861 (Fla. 1st DCA 2005)); State Dep’t of Transp. v. Southtrust Bank, 886 So.2d 393, 396 (Fla. 1st DCA 2004) (citing Lyn v. Lyn, 884 So.2d 181, 185 (Fla. 2d DCA 2004)). A trial court is afforded discretion to consider objections for which a notice of hearing was not served within ninety days of the filing of said objections.
In Southtrust Bank, the trial court’s finding of excusable neglect pursuant to Florida Rule of Civil Procedure 1.090(b) was affirmed because “the secretary’s oversight is precisely the type of error found to constitute excusable neglect.” Southtrust Bank, 886 So.2d at 396. In Vera v. Adeland, 881 So.2d 707, 709-10 (Fla. 3d DCA 2004), an extension .of time was sought to permit substitution of parties pursuant to Florida Rule of Civil Procedure 1.260(a)(1). Vera, 881 So.2d at 709-10. Rule 1.260(a)(1) states that an “action shall be dismissed as to the deceased party” if substitution of the parties is not made within ninety days of the filing of a suggestion of death. In Vera, this Court found that, pursuant to Florida Rule of Civil Procedure 1.090, excusable neglect was shown and the trial court erred in denying an extension of time to permit substitution. Vera, 881 So.2d at 709-10.
Based upon the reasons presented by Cummins’ counsel during the hearing on abandonment of the Objections, we find that the trial court abused its discretion when it found that “no good cause was shown” to permit an enlargement of time of twelve days for filing a notice of hearing on the Objections.
Reversed and remanded.