873 So.2d 363 (2004)
Peggy A. MOOK, Appellant/Cross-Appellee,
v.
Adolph J. MOOK, Appellee/Cross-Appellant.
Nos. 2D02-4718, 2D03-1092.
District Court of Appeal of Florida, Second District.
March 26, 2004.
Rehearing Denied May 4, 2004.
*364 Robert J. Coleman, Fort Myers, for Appellant/Cross-Appellee.
Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellee/Cross-Appellant.
VILLANTI, Judge.
Peggy Mook (the Wife) appeals and Adolph Mook (the Husband) cross-appeals from the supplemental final judgment entered in this dissolution case and the subsequent order awarding attorney's fees. The Wife raised six issues in her appeal, and the Husband raised five issues on cross-appeal. We affirm in part and reverse in part.

SUPPLEMENTAL FINAL JUDGMENT
Both parties raise several issues concerning the propriety of various aspects of the supplemental final judgment. We affirm the supplemental final judgment in all respects except for the erroneous inclusion of a prior settlement payment in the calculation of the amount owed by the Husband under the parties' prenuptial agreement. On that issue alone, we reverse and remand for recalculation.
The Husband and Wife were married later in life, and because they both owned various assets in their individual names, they entered into a prenuptial agreement. Unlike many prenuptial agreements, this agreement did not address the disposition of all of the parties' nonmarital assets. Rather, the agreement contained a schedule of specific accounts that each party held in his or her own name. Article 6 of the agreement provided that if the marriage were to terminate, each party would pay to the other a specified percentage of the balance in those specific accounts within ninety days of the date of "divorce, dissolution or separation." This mutual transfer of payments was intended to "provide for the support, maintenance and enjoyment of the other."
Shortly before trial, the parties settled a number of issues between them. In a written partial settlement agreement, the Husband agreed to pay the Wife $43,920 to settle her claims to various assets, including her interest in the Husband's retirement plan. While this retirement plan was included on the schedule of accounts governed by Article 6 of the prenuptial agreement, the partial settlement agreement specifically stated that "[t]he value of the property referenced in this Agreement will not be included in the calculation under Article 6 of the Prenuptial Agreement." Thus, the partial settlement agreement specifically contemplated that the $43,920 payment would be deducted before the amount due from the Husband under Article 6 of the prenuptial agreement was calculated.
In the supplemental final judgment, the trial court determined that the parties' accounts would be valued as of the date of dissolutionMarch 2002for purposes of Article 6 of the prenuptial agreement.
*365 The trial court then valued both the Husband's and the Wife's accounts as of March 2002. However, when calculating the amount actually due from the Husband under Article 6, the trial court did not deduct the $43,920 the Husband paid pursuant to the partial settlement agreement. The Husband contends that this was error.
Based on the plain language of the partial settlement agreement, the trial court should have deducted the $43,920 payment from its valuation of the Husband's accounts when it calculated the amounts due under Article 6 of the prenuptial agreement. Because the trial court failed to do so, the amount due from the Husband under Article 6 is overstated in the supplemental final judgment. Accordingly, we reverse and remand for a recalculation of the amounts due from the Husband in light of the clear provisions of the partial settlement agreement.

ATTORNEY'S FEE ORDER
Both parties also appeal various aspects of the postjudgment attorney's fee order. We affirm the award of attorney's fees and costs to the Wife in all respects. However, we reverse the award of attorney's fees and costs to the Husband in its entirety because the Husband never pleaded entitlement to attorney's fees or costs.
The Husband filed his petition for dissolution of marriage in December 2000. This petition did not seek any award of attorney's fees or costs. The Wife filed a counter-petition in which she specifically sought an award of attorney's fees and costs pursuant to section 61.16, Florida Statutes (2000). The Husband subsequently filed an amended petition which again did not seek any award of attorney's fees or costs. During the remainder of the proceedings, the Husband never moved to amend his pleadings and never sought attorney's fees in any prejudgment pleading.
When the trial court entered the supplemental final judgment on September 13, 2002, it reserved jurisdiction to award fees under section 61.16. On October 15, 2002, the Wife served her motion for attorney's fees and costs with various supporting documents. Then on December 6, 2002, despite having never filed any pleading seeking any attorney's fees on any basis, the Husband served a motion seeking attorney's fees and costs pursuant to Rosen v. Rosen, 696 So.2d 697 (Fla.1997), Wrona v. Wrona, 592 So.2d 694 (Fla. 2d DCA 1991), and section 57.105, Florida Statutes (2000). The Wife objected to this motion, arguing that the Husband was not entitled to an award of fees in the absence of any pleading seeking fees. Following a hearing on these motions, the trial court awarded the Wife $11,706.75 in attorney's fees and $1351.25 in costs.[1] The trial court rejected the Husband's claim for fees under section 57.105 but awarded him $17,700 in attorney's fees and $280 in costs under Rosen. After offsetting these awards, the trial court entered a judgment in favor of the Husband for $4922 for attorney's fees and costs.
In this appeal, the Wife contends that the Husband's motion for attorney's fees should have been stricken or denied because he never sought fees in any pleading and the issue had not been raised or tried by consent. Thus, the Wife contends that the Husband had waived any right he might have had to seek attorney's fees and costs. We agree.
[A] claim for attorney's fees, whether based on statute or contract, must be pled. The fundamental concern is one of notice. Modern pleading requirements *366 serve to notify the opposing party of the claims alleged and prevent unfair surprise. Raising entitlement to attorney's fees only after judgment fails to serve either of these objectives. The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting the case.... A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him. Accordingly, we hold that a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim.
Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991) (citations and footnotes omitted). While a party need not plead the specific basis for the fee award, the party must nevertheless plead entitlement before entry of the final judgment. Caufield v. Cantele, 837 So.2d 371, 377-78 (Fla. 2002).
Here, the Husband did not plead any entitlement to an award of attorney's fees until long after the final judgment was entered. Thus, under Stockman, his claim for attorney's fees and costs was waived. Accordingly, the award of attorney's fees and costs to him was improper and must be reversed.
In an effort to avoid this result, the Husband contends that this court should extend the pleading exception found in Ganz v. HZJ, Inc., 605 So.2d 871 (Fla. 1992), to his claim for fees under Rosen. In Ganz, the supreme court held that a claim for fees pursuant to section 57.105(1) need not be pleaded before judgment because a party cannot know in advance that his opponent will raise nothing but frivolous issues during the entire course of the litigation. Ganz, 605 So.2d at 872. The Husband contends that the same rationale should apply to his claim for fees under Rosen.
The flaw in this argument is that, unlike section 57.105(1), Rosen does not create a right to a fee award based on allegedly frivolous litigation. Instead, Rosen simply delineates the factors the trial court is to consider when determining whether to award a party fees under section 61.16. While one of those factors is whether the action was frivolous or spurious, Rosen does not provide an independent basis for an award of attorney's fees based on frivolous litigation. Rather, if a party seeks an award of fees under section 61.16, that award may be reduced or denied if that party's actions were frivolous or spurious. Rosen, 696 So.2d at 701. We decline the Husband's invitation to extend the holding of Ganz to attorney's fees sought under section 61.16.
In addition, the Husband's motion for attorney's fees should have been stricken or denied because it was untimely under Florida Rule of Civil Procedure 1.525. Rule 1.525, which became effective January 1, 2001, and which applies to all cases pending on that date, see Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002), requires a party seeking an award of attorney's fees or costs to serve the motion for fees within thirty days after judgment is rendered or a voluntary dismissal is filed. Here, the Husband did not serve his motion for attorney's fees until December 6, 2002, almost three months after the supplemental final judgment was rendered. Thus, the motion was untimely, and the Husband was not entitled to an award of attorney's fees or costs.
At oral argument, counsel for the Husband questioned whether rule 1.525 applied to family law proceedings.[2] We *367 see no reason why it would not. Florida Family Law Rule of Procedure 12.020 states that the rules of civil procedure are applicable to all family law matters except as otherwise provided in the family law rules. In addition, the family law rules govern when there is a conflict between the civil rules and the family law rules. However, nothing in the family law rules provides a time for filing a motion for attorney's fees, and nothing in the family law rules conflicts with the time requirement of rule 1.525. While the Husband's counsel expressed concerns about applying rule 1.525 to family law cases given their "equitable nature," we can discern no reason why requiring a litigant to file a motion for attorney's fees within thirty days after rendition of judgment is inequitable. Accordingly, we hold that the provisions of rule 1.525 apply to family law proceedings.[3]
Counsel for the Husband also suggested that the trial court's reservation of jurisdiction to award attorney's fees in the supplemental final judgment operated to extend the time for filing a motion for attorney's fees. Counsel cited this court to Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004), for this proposition. However, this court has specifically rejected this argument, as has the Fifth District. See Gulf Landings Ass'n v. Hershberger, 845 So.2d 344, 346 (Fla. 2d DCA 2003) (noting that "it is no longer sufficient for a trial court to `reserve jurisdiction' with a final judgment" and that any such reservation "cannot overrule the plain language of rule 1.525" which requires a party seeking fees to file a motion within thirty days); Wentworth v. Johnson, 845 So.2d 296, 299 (Fla. 5th DCA 2003). Moreover, we fail to see how a court could reserve jurisdiction to award attorney's fees to the Husband when he had not sought fees at the time the supplemental final judgment was rendered.
Because the Husband never pleaded entitlement to an award of attorney's fees and costs, we reverse the portion of the attorney's fee award that awarded him attorney's fees and costs. In all other respects, the order awarding attorney's fees and costs is affirmed.
Affirmed in part; reversed in part; and remanded.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] The order on attorney's fees shows the total award to the Wife as $13,055; however, the actual total of the amounts awarded is $13,058.
[2] We note that the issue of timeliness under rule 1.525 was not raised by the parties in their briefs. We commend counsel's ability to discuss this issue raised for the first time by the court at oral argument, and this opinion should not be read as a criticism of their responses to the court's questions.
[3] This issue is apparently currently being considered by the Florida Family Law Rules of Procedure Committee. However, it has made no recommendation on this issue as of this date.