869 So.2d 667 (2004)
Gayle Appel GOSSELIN, Appellant,
v.
Robert GOSSELIN, Jr., Appellee.
No. 4D03-2142.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
Nancy Little Hoffman of Nancy Little Hoffman, P.A., Pompano and Robert J. Moraitis of Robert J. Moraitis, P.A., Fort Lauderdale, for appellant.
Jeffrey P. Wasserman of Shapiro, Blasi & Wasserman, P.A., Boca Raton, for appellee.
TAYLOR, J.
Gayle Appel Gosselin (Wife) appeals an order striking her motion for attorney's fees pursuant to Florida Rule of Civil Procedure 1.525. We reverse, holding that Rule 1.525 does not apply to post-decretal orders in marital dissolution actions.
The parties to this marital dissolution action entered into a marital settlement agreement, which was incorporated into a final judgment of dissolution dated March 11, 1999. Neither document addressed attorney's fees.
Five months later, on August 3, 1999, Robert Gosselin, Jr. (Husband) moved to modify the child support downward and change the visitation schedule.
*668 Over a period of several months, the Wife filed numerous motions for contempt, for protective order, and to compel discovery. In all but one motion, she requested attorney's fees.
On February 22, 2002, the Wife moved for an award of attorney's fees and costs in connection with all activity since the final order of dissolution. Her motion chronicled the post-dissolution proceedings and the numerous orders which had been entered granting the Wife's motions, some of which specifically reserved attorney's fees awardable to the Wife.
Thereafter, on September 5, 2002, the parties entered into a settlement stipulation wherein the Husband dismissed his petition to modify child support and the parties agreed on the amount of child support arrearages. The stipulation did not address the Husband's petition for modification of visitation. The court entered an order adopting the stipulation and specifically reserving the trial court's jurisdiction to hear the Wife's claims for attorney's fees and costs and the Husband's visitation issues.
On December 13, 2002, the Wife filed an amended motion for attorney's fees, essentially repeating the matters contained in her February 22 motion and including additional allegations for fees pursuant to Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
The Husband moved to strike the amended motion for attorney's fees and costs, alleging that it was barred by Florida Rule of Civil Procedure 1.525, because it was not filed within 30 days of the September 5, 2002 order approving the settlement stipulation.
The trial court concluded that the "conclusion of a case" is equivalent to a final judgment and that the order approving the settlement stipulation on child support was the conclusion of the case. Since the motion was not filed within 30 days of that order, the court struck the motion.
Because the trial court's determination that the Wife's amended motion for attorney's fees was barred by Florida Rule of Civil Procedure 1.525 is a legal determination, we review it de novo. See Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000).
Rule 1.525 was adopted, effective January 1, 2001. It provides:
Any party seeking a judgment taxing costs, attorney's fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
This rule was adopted to establish a bright-line rule governing timeliness of post-trial motions for costs and attorney's fees. Gulf Landings Ass'n, Inc. v. Hershberger, 845 So.2d 344, 346 (Fla. 2d DCA 2003).
Rule 1.525 applies to marital dissolution actions by virtue of Florida Family Law Rule 12.020, which makes the Rules of Civil Procedure applicable in family law cases except where the Family Law Rules conflict. Wentworth v. Johnson, 845 So.2d 296, 298 (Fla. 5th DCA 2003). In Wentworth, the fifth district affirmed the trial court's order disallowing attorney's fees for failure to comply with Rule 1.525. However, Wentworth dealt with a plenary final judgment of dissolution. It did not involve the sort of post-decretal orders which are at issue in this case.
Both parties have focused their attention on whether the order approving the stipulation was a "judgment" within the meaning of the rule. The Wife argues that, because the stipulation and order resolved only the child support issue and left the child visitation issue pending, the order was not a final judgment for purposes of starting the rule's thirty-day clock. Citing to Grafman v. Grafman, 488 So.2d 115, *669 118 (Fla. 3d DCA 1986), she contends that all orders entered prior to a final order resolving a modification proceeding must be considered non-final orders.
Whether a post-decretal order is final or non-final is a source of confusion, even among experts in the field. See Remington v. Remington, 705 So.2d 920, 923 (Fla. 4th DCA 1997); Real Estate Corp. of Fla., N.V. v. Dawn Developers, Inc., 644 So.2d 145 (Fla. 5th DCA 1994); Phillip J. Padovano, Florida Appellate Practice § 22.14 (2003).
In Clearwater Federal Savings and Loan Ass'n v. Sampson, 336 So.2d 78, 79 (Fla.1976), the court stated:
An interlocutory order entered after judgment, post decretal, order, (sic) is not to be confused with one entered during the pendency of the proceedings before final judgment.... Post-decretal orders are not true interlocutory orders, and perhaps the term `interlocutory' is a misnomer. Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment....
(citation omitted).
In this case, many of the orders addressed in the amended motion for fees and costs were final orders under Sampson for purposes of filing an appeal. However, it does not necessarily follow that each of these orders must be deemed a "judgment" within the meaning of Rule 1.525. That rule contemplates that a single motion for fees must be filed within thirty days of what is typically the single judgment in a case. The drafters of Rule 1.525 likely never contemplated that it would be applied to post-decretal orders in marital dissolution cases. In such cases, especially where minor children are involved, a final judgment of dissolution will, as here, typically result in several post-decretal orders accumulating in short order. It would seem both awkward and inconsistent with the general practice in this area to require separate attorney's fee motions to be brought each time a post-decretal order issues.
In this regard, we look to the language of section 61.16, Florida Statutes, which governs attorney's fees in dissolution actions. This section states that the court "may from time to time" award fees to a necessitous party. We note that the "bright-line" purpose of Rule 1.525 to "resolve the uncertainty surrounding the timing of these post trial motions"[1] will grow dimmer if parties are routinely required to decide whether a particular post-decretal order is sufficiently final to constitute a separate judgment under the rule.
Instead, we adopt a bright-line construction consistent with both the simplifying purposes of Rule 1.525 and the practice under Fla. Stat. section 61.16, by holding that Rule 1.525 does not apply to post-decretal orders in marital dissolution actions. In such cases, so long as a party seeks fees within a reasonable time after the post-decretal work was performed, such a motion will be timely filed.
We reverse the order striking the Wife's motion for attorney's fees and costs and remand with directions that the court entertain the Wife's motion.
REVERSED and REMANDED.
FARMER, C.J., and GUNTHER, J., concur.
NOTES
[1] Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002).