884 So.2d 181 (2004)
Kelly A. LYN, Appellant,
v.
Mark LYN, Appellee.
No. 2D03-4393.
District Court of Appeal of Florida, Second District.
July 23, 2004.
Rehearing Denied August 12, 2004.
*182 Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellant.
Joseph C. Hood, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Kelly A. Lyn appeals an order denying her request for attorneys' fees, which she incurred in a dissolution of marriage action against Mark Lyn. The trial court denied the motion because the Wife failed to file a motion for attorneys' fees within thirty days after the entry of the final judgment as required by Florida Rule of Civil Procedure 1.525. Although the result may seem harsh, we affirm. If the bright line established by rule 1.525 needs refinement, any changes should be made in the text of the rule. If appellate courts were to create a series of decisions relieving parties of the occasional harsh results created by this rule, we would recreate the type of unpredictability that necessitated the adoption of rule 1.525.
This dissolution of marriage action began in 2002, more than a year after the effective date of rule 1.525. See Amendments to the Florida Rules of Civil Procedure, 773 So.2d 1098, 1099 (Fla.2000) (establishing January 1, 2001, as effective date of rule). In April 2002, the parties entered into a partial marital settlement agreement resolving all of the custody issues regarding their two children. The remaining issues were scheduled for a final hearing on December 5, 2002. Prior to this hearing, on November 26, 2002, the Wife served a motion for attorneys' fees on the Husband. The motion tracked the language of section 61.16, Florida Statutes (2002), but made no reference to that statute or to rule 1.525. The Husband also filed motions prior to the final hearing seeking clarification or modification of some of the provisions of the partial marital settlement agreement. It appears that the parties intended the trial court to address these issues at the final hearing.
The parties were able to resolve the remaining issues between them at some time prior to the final hearing. Thus, on December 5, 2002, the circuit court entered a final judgment of dissolution of marriage based upon the parties' stipulations. The final judgment reserved jurisdiction *183 to consider the Wife's request for attorneys' fees. It also "reserved jurisdiction" on one of the Husband's requests to clarify or modify the partial marital settlement agreement regarding custody, "which was denied without prejudice to allow him to reassert the motion when the issues contained therein become ripe."
On December 26, 2002, the Wife filed a notice of hearing scheduling the issue of "attorneys' fees," for a hearing on February 19, 2003, before the trial judge. The notice of hearing did not elaborate nor detail the grounds for the request. The case was then reassigned to the general master for resolution of this issue. Accordingly, the hearing before the trial judge was cancelled and the parties participated in discovery related to the request for attorneys' fees. On February 4, 2003, the Wife's attorney filed an affidavit in support of the request for fees outlining the fees and costs incurred by the Wife during the dissolution proceedings. A new hearing was ultimately scheduled before the general master for April 8, 2003. On April 4, 2003, the Husband filed his motion to strike the request for attorneys' fees, arguing that the Wife had failed to comply with rule 1.525 by failing to file a written motion for attorneys' fees within thirty days of the final judgment.[1]
After the hearing on April 8, the general master filed a report and recommendation granting the Husband's motion to strike the Wife's request for attorneys' fees. The Wife then filed a motion pursuant to Florida Rule of Civil Procedure 1.090(b) to enlarge the time for filing the motion for attorneys' fees. The trial court adopted the general master's report and recommendation and granted the Husband's motion to strike the claim for attorneys' fees, but permitted the Wife to pursue the motion to enlarge time. Thereafter, the circuit court denied the Wife's request for enlargement of time.
This court has previously issued opinions enforcing the bright-line rule set forth in rule 1.525, which requires that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment." See Mook v. Mook, 873 So.2d 363 (Fla. 2d DCA 2004); Gulf Landings Ass'n v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003); Diaz v. Bowen, 832 So.2d 200 (Fla. 2d DCA 2002). In each of these cases and in the present case, it was no surprise to the opposing party that the movant was seeking attorneys' fees, either because the movant had filed a request for fees prior to judgment, the judgment had reserved jurisdiction to award fees, or the parties had engaged in postjudgment discovery or correspondence regarding the request for fees. Nevertheless, the failure to comply with the thirty-day time limit in rule 1.525 barred each claim for fees.
These results may seem inequitable under the specific circumstances of each case. They are undoubtedly examples of the type of "growing pains" that occur whenever attorneys do not immediately adjust their practices to a significant change in procedural law. As tempted as we are to relieve these pains in individual cases, they cannot be relieved at the expense of the plain language of the rule and the rule's intent to create predictability and consistency in postjudgment requests for attorneys' fees. See, e.g., Diaz, 832 So.2d at 201. We therefore affirm the orders on appeal.
Rule 1.525 applies to dissolution of marriage actions by virtue of Florida Family Law Rule of Procedure 12.020, which provides that the rules of civil procedure apply *184 in all family law matters except as otherwise provided in the family law rules or when the family law rules conflict with the rules of civil procedure. See Mook, 873 So.2d 363; Wentworth v. Johnson, 845 So.2d 296, 298 (Fla. 5th DCA 2003). But see Gosselin v. Gosselin, 869 So.2d 667 (Fla. 4th DCA 2004) (holding that rule 1.525 does not apply to post-decretal orders in family law cases).[2] To avoid the strict application of the rule in this case, the Wife presents three separate arguments.
First, the Wife argues that the dissolution judgment was not "final" and therefore the time period in rule 1.525 has not yet begun to run. We disagree. The judgment completed all judicial labor regarding the dissolution of marriage action. The judgment reserved only the ancillary issues of attorneys' fees and the Husband's request to modify one shared parenting provision in the parties' partial settlement agreement that the court specifically found was not ripe for review until a dispute arose regarding the provision. These issues did not affect the finality of the judgment. See McGurn v. Scott, 596 So.2d 1042, 1044 (Fla.1992).[3]
Second, the Wife argues that the motion for attorneys' fees that she served on November 26, 2002, and filed on December 3, 2002, should be treated as a premature, but timely, postjudgment motion for attorneys' fees. Rule 1.525 specifically requires that the motion for fees and costs be served "within 30 days after filing of the judgment." Compare Fla. R. Civ. P. 1.530(b) (providing motion for new trial or for rehearing "shall be served not later than 10 days after the return of the verdict... or the date of filing of the judgment"). In light of this language, we decline to create the ambiguity that would undoubtedly flow from the concept of a premature postjudgment motion.
Third, the Wife argues that the time for filing her postjudgment motion for attorneys' fees was automatically extended by the provision in the final judgment reserving jurisdiction to resolve this issue. See Fisher v. John Carter & Assocs., 864 So.2d 493 (Fla. 4th DCA 2004) (citing Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997)). This court has rejected the argument that a provision in a final judgment reserving jurisdiction to address attorneys' fees acts as an automatic extension of time under rule 1.090(b) to file a motion for fees. See Mook, 873 So.2d 363; Gulf Landings Ass'n, 845 So.2d 344. Instead, this court has aligned itself with the Fifth District's decision in Wentworth, 845 So.2d 296 (distinguishing Gulliver Academy, 694 So.2d 675, in light of supreme court's enactment of rule 1.525). Mook, *185 873 So.2d 363. Indeed, if a provision in a final judgment reserving jurisdiction to determine the issue of attorneys' fees were to act as an automatic but indefinite extension of time for filing a written motion, courts would again be faced with determining on a case-by-case basis what length of time thereafter was reasonable for filing a motion for fees, or whether motions for fees filed long after entry of judgment were unreasonably delayed and should be denied. See, e.g., Shipley v. Belleair Group, Inc., 759 So.2d 28, 30 (Fla. 2d DCA 2000). This would undermine the intent of rule 1.525. We therefore affirm the order striking the Wife's request for attorneys' fees as untimely, but certify conflict with Fisher, 864 So.2d 493.
Although we decline to create exceptions to the procedure announced in rule 1.525, we recognize that these procedures can be overridden by a stipulation between the parties or by an order extending the time for filing a motion pursuant to rule 1.090(b). See Wentworth, 845 So.2d at 299 (citing Carter v. Lake County, 840 So.2d 1153 (Fla. 5th DCA 2003)). Here, the Wife filed a motion pursuant to rule 1.090(b) to enlarge the time for filing her motion for attorneys' fees, but the motion was filed after the thirty-day time limit in rule 1.525 had expired. Rule 1.090(b) permits an enlargement of time under these circumstances when the "failure to act was the result of excusable neglect." We find no abuse of discretion in the trial court's denial of the Wife's motion to extend the time in this case.
In Carter, 840 So.2d 1153, the Fifth District interpreted "excusable neglect" in this context similarly to the interpretation given the phrase in opinions interpreting Florida Rule of Civil Procedure 1.540. Id. at 1156-57. In general, excusable neglect cannot be based upon an attorney's misunderstanding or ignorance of the law, but instead must relate to a breakdown in mechanical or operational practices or procedures within the attorney's office. Id. at 1158 n. 6. Here, the Wife's oversight was simply a matter of her counsel's misunderstanding or lack of knowledge of the requirements of rule 1.525. Therefore, the trial court did not abuse its discretion in denying the Wife's motion to extend time to file her motion for attorneys' fees.
Finally, the Wife's attorney has filed a motion for appellate attorneys' fees pursuant to section 61.16 within this proceeding. The motion asserts the Wife's "need" for those fees and the husband's "ability to pay" the fees. Nevertheless, the Wife has filed an affidavit in this court stating that she agreed to pursue the appeal only if she would not be required to pay for it. It is undisputed that her trial counsel agreed to waive payment for this appeal if the Husband was not ordered to pay these fees. This appeal is not truly a pro bono appeal to achieve a result benefitting an indigent client, but rather an effort by the Wife's attorneys to remedy a procedural error by trial counsel. It is clear that this appeal has been prosecuted by the Wife's counsel in a good faith effort to test an issue of law, but section 61.16 does not authorize this court to order the Husband to pay the Wife's attorneys' fees under these circumstances.
Affirmed, conflict certified.
FULMER and COVINGTON, JJ., Concur.
NOTES
[1] The Wife's appellate counsel was not trial counsel in this case.
[2] The Family Law Rules Committee of The Florida Bar has apparently filed a petition with the Florida Supreme Court requesting a new rule 12.525 for the family law rules which would provide: "Florida Rule of Civil Procedure 1.525 shall not apply in proceedings governed by these rules." See Jeffrey Ira Jacobs, Annual Report, Committees of the Florida Bar: Family Law Rules, Fla. B.J., June 2004, at 40, 52-53. It appears no action has yet been taken on this proposal. We take no position on whether dissolution proceedings need to be exempt from this rule or whether some modified rule should exist within the family law rules.
[3] We note that rule 1.525 refers to a "judgment" and not a "final judgment" or a "final order." It is not entirely clear that these terms are interchangeable in the context of the rule. See Gosselin, 869 So.2d at 669. Here, the judgment was final. Even if it were not, the Wife sought fees incurred in obtaining this judgment and one might expect that she should therefore file her motion for fees within thirty days of the entry of this judgment.