902 So.2d 215 (2005)
Nancy NICOLETTI, n/k/a Nancy Greenberg, Appellant,
v.
Scott NICOLETTI, Appellee.
No. 2D04-2356.
District Court of Appeal of Florida, Second District.
May 6, 2005.
*216 Philip A. McLeod, St. Petersburg, for Appellant.
Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellee.

ON MOTION FOR REHEARING.
NORTHCUTT, Judge.
Nancy Nicoletti challenges the circuit court's order denying as untimely her motion for attorney's fees incurred in post-judgment litigation with her former husband. We affirm.
The parties' marriage was dissolved in 1990. In August 2002, the circuit court entered a contempt order and judgment for college expenses and support arrears against Mr. Nicoletti. That judgment reserved jurisdiction to determine a reasonable amount of attorney's fees and costs to be paid by Mr. Nicoletti to Mrs. Nicoletti's attorney in connection with the motion for contempt. The court later denied Mrs. Nicoletti's fee claim because she failed to file a timely motion therefor, as required by Florida Rule of Civil Procedure 1.525.
As the circuit court observed, this court has previously held that rule 1.525 establishes a bright-line rule that requires a party to file a separate motion for attorney's fees within thirty days of the entry of a judgment. That a judgment reserves jurisdiction to award fees does not automatically extend the time for filing the motion. Swann v. Dinan, 884 So.2d 398, 399 (Fla. 2d DCA 2004); Gulf Landings Ass'n v. Hershberger, 845 So.2d 344 (Fla. 2d DCA 2003). In this regard, we disagree with the Third and the Fourth Districts, and we certify conflict with Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), and Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004).
The day before our original opinion issued in this case, the Florida Supreme Court promulgated Florida Family Law Rule of Procedure 12.525, which states that rule 1.525 does not apply in family law matters such as this one. See Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). Mrs. Nicoletti contends on rehearing that this new rule requires reversal. We disagree.
The judgment that triggered Mrs. Nicoletti's right to attorney's fees was entered in August 2002. At that time, rule 1.525 controlled this action. See Fla. Fam. L. R. P. 12.020 (reciting that the Rules of Civil Procedure govern family law matters except where otherwise stated). Rule 12.525 became effective on March 3, 2005, the date of the supreme court's opinion. See Amendments, 897 So.2d at 467. Amendments to rules of procedure are prospective unless the language of the rule specifically provides otherwise. Natkow v. Natkow, 696 So.2d 315, 317 (Fla.1997). Neither the text of rule 12.525 nor the Florida Supreme Court's opinion adopting *217 the rule states that it applies retroactively or to pending cases. See Reddell v. Reddell, 900 So.2d 670 n. 1 (Fla. 5th DCA 2005). Hence rule 1.525, which was in effect at the time the circuit court entered the judgment, governs this case. See Natkow, 696 So.2d at 317 (citing Mendez-Perez v. Perez-Perez, 656 So.2d 458, 460 (Fla.1995)). Mrs. Nicoletti did not comply with the requirements of that rule.
We acknowledge that even before the promulgation of rule 12.525, the Fourth District held that rule 1.525 did not apply in cases involving postdecretal orders in marital dissolution actions. Gosselin v. Gosselin, 869 So.2d 667, 669 (Fla. 4th DCA 2004). We certify conflict with Gosselin on the issue of whether rule 1.525 applied in family law cases decided before rule 12.525 was adopted.
Affirmed; conflicts certified.
SALCINES and CANADY, JJ., Concur.