LaROSE, Judge.
Laura D’Angelo, the Wife, appeals the circuit court’s order denying her motion for enlargement of time and striking her motion for an award of attorney’s fees. We reverse.
The circuit court held that Florida Rule of Civil Procedure 1.090(b)(2), which allows enlargements of time due to excusable neglect, did not apply to the thirty-day requirement for filing an attorney’s fee motion under Florida Rule of Civil Procedure 1.525. Consequently, the circuit court concluded that it lacked subject matter jurisdiction to rule on the Wife’s rule 1.525 motion.
Subsequent to the circuit court’s order, this court recognized that rule 1.525 procedures can be overridden by a stipulation between the parties or by an order under rule 1.090(b) extending the time for filing a motion for attorney’s fees. See Lyn v. Lyn, 884 So.2d 181, 185 (Fla. 2d DCA 2004) (citing Wentworth v. Johnson, 845 So.2d 296, 299 (Fla. 5th DCA 2003)). Here, the Wife’s rule 1.525 motion was filed one day late. The parties stipulated, however, that the tardy filing was due to excusable neglect. Accordingly, we reverse the circuit court’s order and remand *379 with instructions to reconsider the Wife’s motion for extension of time and, if the extension is granted, to consider her motion for attorney’s fees.[1]
Reversed and remanded with directions.
WHATLEY and STRINGER, JJ., Concur.

. We find no merit in the Husband’s contention that the timeliness of the Wife's motion is jurisdictional in a postdecretal proceeding. Lyn, 884 So.2d at 185. We also recognize the recent adoption of Florida Family Law Rule of Procedure 12.525, providing that rule 1.525 does not apply to family law cases. See Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). However, the amendment does not apply retroactively. See Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005) (citing Reddell v. Reddell, 900 So.2d 670, 672 n. 1 (Fla. 5th DCA 2005); Natkow v. Natkow, 696 So.2d 315 (Fla.1997) (an amendment to a rule of procedure is prospective unless specifically provided otherwise)).