908 So.2d 558 (2005)
Jonathan J. MAY, Appellant/Cross-Appellee,
v.
Carolyn J. MAY, Appellee/Cross-Appellant.
No. 2D04-2608.
District Court of Appeal of Florida, Second District.
August 10, 2005.
*559 Marie Tomassi and Karen E. Lewis of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellant/Cross-Appellee.
Allison M. Perry of Law Office of Allison M. Perry, P.A., Tampa, for Appellee/Cross-Appellant.
VILLANTI, Judge.
The Mays' thirty-two-year marriage was dissolved on December 17, 2001. About a year later, Carolyn May (the Former Wife) filed a motion seeking to hold Jonathan May (the Former Husband) in contempt and to enforce the final judgment of dissolution. The Former Husband and the Former Wife ultimately entered into a mediation agreement to resolve some of their issues. Sometime later, the Former Husband filed a motion seeking modification of his alimony obligations. The Former Wife, in turn, filed a motion to enforce the mediation agreement. After holding an evidentiary hearing, the circuit court entered an extensive order denying the Former Husband's petition for modification and granting the Former Wife's motion to enforce from which the Former Husband appeals. We are unpersuaded by the numerous arguments the Former Husband raises and affirm the appeal. We write to address only the issue raised on cross-appeal.
On cross-appeal, the Former Wife claims that the circuit court erred in failing to reserve jurisdiction to determine attorney's fees in its order. We agree. The Former Wife properly requested attorney's fees in her motion to enforce the mediation agreement. It is clear from our review of the hearing transcript that, at the request of the attorneys for both the Former Husband and the Former Wife, the court agreed to determine the issue of attorney's fees at a later time. The circuit court should have reserved jurisdiction in its order but inadvertently failed to do so. Therefore, we reverse and remand for the court to enter a corrected order reserving jurisdiction to consider the Former Wife's request for attorney's fees. See Yangco v. Yangco, 901 So.2d 217, 222 (Fla. 2d DCA 2005).[1]
Affirmed in part; reversed and remanded in part.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] We note that the Former Wife has not yet filed a motion for attorney's fees in accordance with Florida Rule of Civil Procedure 1.525, which was in effect at the time the circuit court entered its order. See Nicoletti v. Nicoletti, 902 So.2d 215, 217 (Fla. 2d DCA 2005). Rule 1.525 requires a party seeking attorney's fees to serve a motion "within 30 days after filing of the judgment." The "judgment" that will trigger the Former Wife's right to attorney's fees will be the corrected order reserving jurisdiction. See McFarland & Son, Inc. v. Basel, 877 So.2d 964, 966 (Fla. 5th DCA 2004) ("`[T]he judgment' referred to in [rule 1.525], must be the judgment under which the party claims the right to costs. In this case, the judgment under which [the appellee] claims costs is the corrected judgment.").