909 So.2d 976 (2005)
Todd CALDWELL, Appellant,
v.
Donna Lee FINOCHI, f/k/a Caldwell, Appellee.
No. 2D04-5311.
District Court of Appeal of Florida, Second District.
September 9, 2005.
*977 Laurie R. Chane of Chane & Eble, P.A., Dade City, for Appellant.
No appearance for Appellee Donna Lee Finochi.
Glen E. Greenfelder of Greenfelder, Mander, Murphy, Dwyer & Morris, Dade City, for Amicus Curiae Greenfelder, Mander, Murphy, Dwyer & Morris.
STRINGER, Judge.
Todd Caldwell, the Former Husband, seeks review of the trial court's order awarding Donna Lee Finochi, the Former Wife, attorney's fees in a postdissolution proceeding. The Former Husband argues that the trial court erred in awarding fees because the Former Wife failed to file a timely motion pursuant to Florida Rule of Civil Procedure 1.525. We agree and reverse.
The parties were divorced in 1999, and attorney Glen Greenfelder filed a supplemental petition for modification requesting an increase in child support for the Former Wife on July 12, 2002. This petition included a request for attorney's fees. Before the petition was heard, attorney Charles Waller was substituted for attorney Greenfelder. On November 13, 2003, the court entered an order on the Former Wife's petition for modification that (1) reduced the Former Husband's child support obligation, (2) "awarded" the Former Wife thirty-six percent of her reasonable attorney's fees, but reserved jurisdiction for a determination of that amount, and (3) affirmed that all other provisions of the final judgment remain in effect.
The court held a hearing on attorney's fees in May 2004 at which attorney Waller presented evidence of his fees and the Former Wife was awarded $783.72. However, attorney Greenfelder did not attend this hearing because he was unavailable. Attorney Greenfelder filed a motion for attorney's fees on behalf of the Former Wife on June 7, 2004, and the court entered an order awarding the Former Wife $1232.46 in attorney's fees on November 2, 2004.
The Former Husband argues that the trial court erred in awarding the Former Wife fees for attorney Greenfelder because counsel failed to file a motion for attorney's fees within thirty days after entry of the November 13, 2003, order on the Former Wife's petition for modification as required by Florida Rule of Civil Procedure 1.525.[1] Rule 1.525 provides, "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." This rule applies to dissolution of marriage actions pursuant to Florida Family Law Rule of Procedure 12.020.[2]Lyn v. *978 Lyn, 884 So.2d 181, 183-84 (Fla. 2d DCA 2004). Rule 1.525 is a bright-line rule that must be applied strictly. Id. at 182.
The Former Wife raises three arguments against the strict application of rule 1.525. First, she argues that rule 1.525 does not apply in this case because the Former Wife had previously pleaded entitlement to attorney's fees in her petition for modification and the court awarded fees in the order on the Former Wife's petition for modification. However, a party seeking attorney's fees in a dissolution action must both plead entitlement and file a motion for attorney's fees after judgment is entered pursuant to rule 1.525. Mook v. Mook, 873 So.2d 363, 365-66 (Fla. 2d DCA 2004). Furthermore, although the order on the Former Wife's petition for modification stated that the Former Wife was entitled to thirty-six percent of her reasonable attorney's fees, the order did not actually award fees, but reserved jurisdiction to determine the amount of fees. A reservation of jurisdiction to award attorney's fees does not extend the thirty-day time limit to file a motion for attorney's fees under rule 1.525. Lyn, 884 So.2d at 184-85; Mook, 873 So.2d at 367. But see Fisher v. John Carter & Assocs., Inc., 864 So.2d 493, 496 (Fla. 4th DCA 2004) (holding that a reservation of jurisdiction extends the time limit under rule 1.525). Even though the trial court indicated its intent to ultimately award the Former Wife attorney's fees, its authority to extend the time for compliance with rule 1.525 was limited to that conferred in Florida Rule of Civil Procedure 1.090(b). Lyn, 884 So.2d at 185. The Former Wife did not file a motion pursuant to that rule, however.
This court dealt with an analogous situation in Nicoletti v. Nicoletti, 902 So.2d 215 (Fla. 2d DCA 2005). In Nicoletti, the trial court had entered a postdissolution contempt order and judgment against the Former Husband in which it "reserved jurisdiction to determine a reasonable amount of attorney's fees and costs to be paid by Mr. Nicoletti to Mrs. Nicoletti's attorney in connection with the motion for contempt." Id. at 216. The trial court subsequently denied the Former Wife's fee claim because she failed to file a timely rule 1.525 motion. This court concluded that the trial court's reservation of jurisdiction did not extend the time for filing a motion for attorney's fees and affirmed. Id. at 216-17.
In Nicoletti, as in this case, the Former Wife's entitlement to attorney's fees was not in dispute. However, the trial court's reservation of jurisdiction to determine the amount of attorney's fees that should be awarded to the Former Wife did not waive or extend the motion requirement under rule 1.525. See also Reddell v. Reddell, 900 So.2d 670, 671-72 (Fla. 5th DCA 2005) (holding that trial court's reservation of jurisdiction to consider amount of attorney's fees in final judgment, which determined entitlement to attorney's fees, did not operate to extend the time for filing a motion under rule 1.525).
Second, the Former Wife argues that the order on the Former Wife's petition for modification was not final for purposes of rule 1.525. However, the order on the Former Wife's petition for modification is a final order because it disposed of all the issues except for the ancillary issue *979 of the amount of attorney's fees. Lyn, 884 So.2d at 184.
Third, the Former Wife argues that rule 1.525 should not apply in postdissolution family law cases. The Former Wife cites to the Fourth District's opinion in Gosselin v. Gosselin, 869 So.2d 667, 667 (Fla. 4th DCA 2004), as support for this proposition. However, after the parties filed their briefs in this case, this court issued Nicoletti, in which it held that rule 1.525 applies to postdissolution final orders. 902 So.2d at 216.
We find no merit in the Former Wife's arguments against a strict application of rule 1.525 in this case. Accordingly, we conclude that the trial court erred in awarding attorney's fees to the Former Wife for attorney Greenfelder because counsel did not file a timely motion for fees. We also certify conflict with the Fourth District's decisions in Fisher and Gosselin and the First District's decision in Smith.
Reversed and remanded.
CANADY and WALLACE, JJ., Concur.
NOTES
[1] Although it appears that attorney Waller did not file a timely motion for attorney's fees pursuant to Florida Rule of Civil Procedure 1.525, the Former Husband did not appeal the award of attorney's fees to the Former Wife on attorney Waller's behalf.
[2] It should be noted that, on March 3, 2005, the Florida Supreme Court promulgated Florida Family Law Rule of Procedure 12.525, which states that rule 1.525 does not apply to dissolution actions. See Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). However, because the judgment that triggered the Former Wife's right to attorney's fees was entered before the effective date of rule 12.525, the rule does not apply in this case. See Nicoletti v. Nicoletti, 902 So.2d 215, 216-17 (Fla. 2d DCA 2005). But see Smith v. Smith, 902 So.2d 859, 863-64 (Fla. 1st DCA 2005) (applying rule 12.525 to pending cases).