920 So.2d 694 (2006)
Salvatore A. ITALIANO, Appellant,
v.
Patricia M. ITALIANO, Appellee.
No. 2D05-3612.
District Court of Appeal of Florida, Second District.
February 8, 2006.
*695 Lorena L. Kiely of Law Office of Lorena L. Kiely; and David A. Maney of Maney, Damsker, Jones & Kuhlman, P.A., Tampa, for Appellant.
Ronald J. Russo, Tampa, for Appellee.
STRINGER, Judge.
Salvatore Italiano (the Former Husband) challenges the trial court's order denying his motion to strike a motion for attorney's fees and costs filed by Patricia Italiano (the Former Wife). The Former Husband's motion was premised on Florida Rule of Civil Procedure 1.525 and contended that the Former Wife's motion for attorney's fees and costs should be stricken because it was served long after the thirty-day service period provided by that rule. Because the trial court erred in finding that the thirty-day service period had not yet begun to run, we reverse; however, because the Former Wife's motion for enlargement of time remains pending, we remand for further proceedings.
This case arises out of bitter and protracted divorce proceedings between the parties. During those proceedings, but before any judgment was entered, the Former Wife filed a motion seeking an award of temporary attorney's fees and costs. The trial court did not immediately rule on this motion. On December 18, 2002, the trial court rendered its final judgment of dissolution of marriage. In that final judgment, the trial court reserved jurisdiction to consider the Former Wife's claim for attorney's fees and costs. The parties both appealed various aspects of the final judgment; however, neither party raised any issues as to the Former Wife's claim for attorney's fees and costs.
On September 19, 2003, nine months after the final judgment was filed and while the appeal was still pending, the Former Wife filed a postjudgment motion seeking an award of attorney's fees and costs. Shortly thereafter, the Former Husband filed a motion to strike, contending that the Former Wife's motion was untimely pursuant to rule 1.525. The Former Wife then filed a motion for enlargement of time based on the severe illness of her trial counsel.[1]
Before a hearing on either of the parties' motions was scheduled, this court issued its opinion in Italiano v. Italiano, 873 So.2d 558 (Fla. 2d DCA 2004). In that *696 case this court affirmed much of the final judgment, but reversed and remanded on an issue relating to the equitable distribution of various debts and suggested that the alimony award might need to be revisited after the equitable distribution was revised.
Shortly thereafter, the trial court held a hearing on the Former Husband's motion to strike. During that hearing, the Former Wife argued that the final judgment was not truly "final" because it reserved jurisdiction to consider the Former Wife's claim for prejudgment interest, her claim for temporary attorney's fees and costs, her motion to reopen the case, and to enter any necessary qualified domestic relations orders. She also argued that her previously filed motion seeking attorney's fees and the trial court's reservation of jurisdiction in the final judgment to consider her claim for attorney's fees tolled the time to serve a motion pursuant to rule 1.525. Ultimately, the trial court found that because this court had reversed the final judgment and remanded for further proceedings, the thirty-day service period under rule 1.525 had not yet begun to run and therefore the Former Wife's motion was not untimely. Accordingly, the trial court denied the Former Husband's motion to strike.
In many ways, this case is factually indistinguishable from Lyn v. Lyn, 884 So.2d 181 (Fla. 2d DCA 2004). In Lyn, the wife served a motion for attorney's fees before the final hearing on the dissolution petition. Id. at 182. Shortly thereafter, the trial court entered a final judgment of dissolution that incorporated the parties' marital settlement agreement and reserved jurisdiction to consider the wife's motion for attorney's fees and several minor issues raised by the husband. After the final judgment was entered, the wife set a hearing on her motion for attorney's fees; however, before that motion could be heard, the husband filed a motion to strike the wife's motion for fees pursuant to rule 1.525. The general master recommended granting the husband's motion to strike, the trial court adopted that recommendation, and the wife appealed.
On appeal, the wife contended that the judgment at issue was not sufficiently "final" to trigger rule 1.525, arguing that the reservation of jurisdiction to deal with attorney's fees and certain aspects of the shared parenting agreement rendered the judgment nonfinal. This court rejected that argument, noting that these were ancillary issues that did not affect the finality of the judgment. In doing so, this court stated, "Here, the judgment was final. Even if it were not, the Wife sought fees incurred in obtaining this judgment and one might expect that she should therefore file her motion for fees within thirty days of the entry of this judgment." Id. at 184 n. 3.
The wife also contended that the motion she filed before entry of the judgment should be treated as a timely but premature motion for attorney's fees. This court also rejected that argument, noting that the plain language of rule 1.525 requires that the motion be served within thirty days "after filing of the judgment." Id. at 184. The wife further contended that the reservation of jurisdiction in the final judgment to consider attorney's fees should automatically extend the time for filing the motion. This court rejected that argument as well, noting that the purpose of rule 1.525 was to create a bright-line rule and that adopting the wife's position would essentially eviscerate the rule. Id. at 185.
In this case, as in Lyn, the Former Wife filed a motion for attorney's fees before the final judgment was entered, and she did not serve a subsequent motion for attorney's fees within thirty days after the *697 filing of the judgment. Thus, like the wife in Lyn, the Former Wife in this case did not serve a timely motion pursuant to the plain language of rule 1.525. While the final judgment in this case, like the final judgment in Lyn, contained a reservation of jurisdiction to consider attorney's fees and other ancillary issues, that reservation of jurisdiction was insufficient to waive or extend the time for serving a motion for attorney's fees under rule 1.525. Moreover, as we held in Lyn, the pendency of a few ancillary issues was insufficient to render the final judgment "non-final" for purposes of rule 1.525. Finally, even if the judgment at issue was not truly final, the Former Wife sought fees incurred in obtaining this judgment, and thus she should have served her motion within thirty days of obtaining this judgment. For all of these reasons, the trial court should have granted the Former Husband's motion to strike the Former Wife's motion for attorney's fees.
In support of the trial court's ruling that the service period of rule 1.525 had not yet begun to run, the Former Wife relies heavily on McFarland & Son, Inc. v. Basel, 877 So.2d 964 (Fla. 5th DCA 2004). However, that case does not support the Former Wife's position in this case. In McFarland, the appellate court had reversed a judgment in favor of Basel and remanded for entry of a "corrected" judgment. Within thirty days after the "corrected" judgment was filed, Basel served a motion for attorney's fees and costs. McFarland argued that the motion was untimely, but the Fifth District disagreed. The Fifth District noted that because Basel sought his attorney's fees and costs pursuant to the "corrected" judgment and because his motion was served within thirty days of the filing of the "corrected" judgment, the motion was timely. Id. at 966. In doing so, the court observed, "We note that if Basel had lost the previous appeal, the original judgment would have remained in effect, and he would not have been able to collect costs because he did not move for fees within 30 days of the original judgment." Id. at 966 n. 2. Thus, the effect of the "corrected" judgment was to restart the clock for filing a timely motion for fees under rule 1.525. See also May v. May, 908 So.2d 558, 559 n. 1 (Fla. 2d DCA 2005) (noting that entry of a "corrected" judgment on remand would start the clock for filing a timely motion pursuant to rule 1.525).
In this case, the Former Wife's motion for attorney's fees was untimely as to the final judgment that was entered in December 2002. However, the Former Wife prevailed on some issues in the appeal, and the case has been remanded for further proceedings. When an amended or supplemental judgment is entered, the holdings in McFarland and May might support an argument that the thirty-day time to file a motion for attorney's fees would begin anew. However, McFarland does not support the Former Wife's current argument that her existing untimely motion for fees should somehow be held in abeyance until entry of the amended or supplemental judgment on remand.
We recognize that this result may seem harsh, particularly given the amount of attorney's fees involved and the litigiousness of these parties. However, as this court stated when resolving the Lyn case:
This court has previously issued opinions enforcing the bright-line rule set forth in rule 1.525, which requires that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment." In each of these cases and in the present case, it was no surprise to the opposing party that the movant was seeking attorneys' fees, either *698 because the movant had filed a request for fees prior to judgment, the judgment had reserved jurisdiction to award fees, or the parties had engaged in postjudgment discovery or correspondence regarding the request for fees. Nevertheless, the failure to comply with the thirty-day time limit in rule 1.525 barred each claim for fees.
These results may seem inequitable under the specific circumstances of each case. They are undoubtedly examples of the type of "growing pains" that occur whenever attorneys do not immediately adjust their practices to a significant change in procedural law. As tempted as we are to relieve these pains in individual cases, they cannot be relieved at the expense of the plain language of the rule and the rule's intent to create predictability and consistency in postjudgment requests for attorneys' fees.
Id. at 183 (citations omitted).
Here, because the Former Wife's motion was untimely pursuant to rule 1.525, we must reverse the trial court's order denying the Former Husband's motion to strike. As we did in Lyn, 884 So.2d at 185, and Nicoletti v. Nicoletti, 902 So.2d 215, 216 (Fla. 2d DCA 2005), we certify conflict with the Third District in Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), and the Fourth District in Fisher v. John Carter & Associates, Inc., 864 So.2d 493 (Fla. 4th DCA 2004), on the issue of whether a reservation of jurisdiction in the judgment is sufficient to extend the time for serving a motion under rule 1.525. Also, as we did in Caldwell v. Finochi, 909 So.2d 976 (Fla. 2d DCA 2005), and Nicoletti, 902 So.2d at 217, we certify conflict with the First District in Smith v. Smith, 902 So.2d 859 (Fla. 1st DCA 2005), and the Fourth District in Gosselin v. Gosselin, 869 So.2d 667, 669 (Fla. 4th DCA 2004), on the issue of whether Florida Family Law Rule of Procedure 12.525 applies retroactively to cases that were pending when it was enacted.[2]
Reversed and remanded for further proceedings.
WHATLEY and VILLANTI, JJ., Concur.
NOTES
[1] Counsel for the Former Wife in this appeal was not trial counsel.
[2] Rule 12.525, which states that rule 1.525 does not apply to family law matters, became effective on March 3, 2005. The judgment that triggered the Former Wife's right to attorney's fees and costs was entered December 18, 2002. The Former Wife recognized this court's existing precedent on the issue of the retroactivity of rule 12.525 in her brief and requested certification on this issue.