NORTHCUTT, Judge.
The final judgment dissolving the Plich-tas’ marriage was entered on June 3, 2003. The judgment found that Mrs. Plichta had a need for a contribution to her attorney’s fees and that Mr. Plichta had the ability to pay them. It reserved jurisdiction to determine the amount to be awarded. Mrs. Plichta did not file a motion for attorney’s fees under Florida Rule of Civil Procedure 1.525 until July 23, 2003. At Mr. Plichta’s behest, the circuit court.struck the motion for fees as untimely. She appeals that decision. We affirm.
At the time Mrs. Plichta filed her motion, rule 1.525 applied to family law proceedings. See Nicoletti v. Nicoletti, 902 So.2d 215, 216 (Fla. 2d DCA 2005); Mook v. Mook, 873 So.2d 363, 366-67 (Fla. 2d DCA 2004). Contra Gosselin v. Gosselin, 869 So.2d 667, 669 (Fla. 4th DCA 2004). The rule provides that a motion for attorney’s fees must be filed within thirty days after the filing of the judgment. This is a bright-line rule and a judgment’s reservation of jurisdiction to resolve the fees issue does not automatically extend the time to file the motion. Clampitt v. Britts, 897 So.2d 557, 558 (Fla. 2d DCA 2005); Diaz v. Bowen, 832 So.2d 200, 201 (Fla. 2d DCA 2002). Contra Fisher v. John Carter & Assocs., Inc., 864 So.2d 493, 496 (Fla. 4th DCA 2004). Therefore, Mrs. Plichta’s motion was untimely.
Mrs. Plichta contends that the circuit court should have granted her an extension of time to file her motion based on excusable neglect. See Fla. R. Civ. P. 1.090(b)(2); Wentworth v. Johnson, 845 So.2d 296, 299-300 (Fla. 5th DCA 2003). The court considered her position and found that the circumstances she presented did not support tolling the time for filing her motion. We find no abuse of discretion in that ruling. See Wood v. Fortune Ins. Co., 453 So.2d 451, 452 (Fla. 4th DCA 1984).
Finally, Mrs. Plichta argues that Florida Family Law Rule of Procedure 12.525, which excludes family law matters from the operation of rule 1.525, should apply to this case. See Amendments to the Florida Family Law Rules of Procedure (Rule 12.525), 897 So.2d 467 (Fla.2005). But rule 12.525 was not adopted until March 3, 2005, and this court has held that it does not apply retroactively. D'Angelo v. D’Angelo, 903 So.2d 378, 379 n. 1 (Fla. 2d DCA 2005); Nicoletti, 902 So.2d at 216-17. Contra Smith v. Smith, 902 So.2d 859, 864 (Fla. 1st DCA 2005).
Affirmed.
FULMER, C.J., and LaROSE, J., concur.