927 So.2d 246 (2006)
GULF SHORES, L.L.C., Appellant,
v.
RIVERWOOD COMMUNITY DEVELOPMENT DISTRICT, Joseph and Patricia J. Bartkus, Nancy Diasparra, Antonion Innarelli, Patrick Leonard, S & B Cutter, Barbara McDonald, Joseph Bush, Elizabeth O'Brien, William Mack, Thorton Ivenor, Daniel Mehlman, Harry Knobloch, Teddy Gibula, Richard Holden, Randolph Rebhan, Edward Furstein, Robert Crosby, and Robert Fegan, Appellees.
No. 2D05-3034.
District Court of Appeal of Florida, Second District.
May 5, 2006.
Warren R. Ross of Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle, P.A., Punta Gorda, for Appellant.
Andrew H. Cohen of Hankin, Persson, Davis, McClenathen & Darnell, Sarasota, for Appellee Riverwood Community Development District.
No appearance for remaining Appellees.
SILBERMAN, Judge.
Gulf Shores, L.L.C., appeals a judgment for attorneys' fees and costs entered in *247 favor of Riverwood Community Development District. Because Riverwood failed to timely serve a motion for fees and costs pursuant to Florida Rule of Civil Procedure 1.525, we reverse.
Riverwood sued Gulf Shores under various theories. Ultimately, the parties entered into a settlement stipulation that states in pertinent part as follows:
7. Gulf Shores stipulates as to the District's entitlement to reasonable attorney fees and taxable costs. The amount of the reasonable attorney fees and taxable costs will be determined by the Court.
. . . .
12. Upon entry of the Order by the Court approving this Stipulation and upon all parties fully complying with the terms of this Stipulation, the respective parties shall waive and release all claims, if any, that they may currently have against each other and/or its officials, employees and consultants, for any matter from the beginning of time to the present, including without limiting the generality of the foregoing, any and all claims for costs, expenses and attorney's fee incurred in this action (except Gulf Shores has agreed to payment of attorney fees and costs to the District as referenced in paragraph 7 above).
On March 28, 2005, Riverwood filed a notice of hearing for June 6, 2005, concerning "Plaintiff's Attorneys Fees and Costs." On March 31, 2005, the trial court entered an order approving the settlement stipulation, adopting the stipulation as an order of the court, and dismissing the lawsuit. In its order, the court stated that "[e]xcept as otherwise provided in the Stipulation, each party to bear its own costs and attorneys' fees" and that it retained "jurisdiction over the parties and subject matter so as to give the terms and provisions of this Stipulation and Order full force and effect and to otherwise enforce the terms of the parties' Stipulation."
On June 2, 2005, Riverwood filed a "Memorandum of Law in Support of Request for Attorney's Fees," and on June 6, 2005, Gulf Shores filed a memorandum in opposition to the request for fees and costs. Also on June 6, the trial court held a hearing concerning fees and costs. In its memorandum and at the hearing, Gulf Shores argued that Riverwood was precluded from recovering fees and costs because Riverwood did not serve a motion for fees and costs within thirty days of the order dismissing the case as required by rule 1.525. Riverwood responded that the settlement stipulation established its entitlement to fees, with only the amount left to be determined. Gulf Shores replied that the stipulation did not waive compliance with rule 1.525 and that Riverwood did not comply with the rule. The trial court rejected Gulf Shores' argument and awarded fees and costs to Riverwood.
Rule 1.525 states as follows: "Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." Gulf Shores argues on appeal that the fee and cost judgment must be reversed because Riverwood never served a motion in compliance with rule 1.525.
The stipulation reflects that the parties did not address rule 1.525 or agree to waive the rule's requirements. This court has previously held that "[r]ule 1.525 is a bright-line rule that must be applied strictly." Caldwell v. Finochi, 909 So.2d 976, 978 (Fla. 2d DCA 2005); see also Nicoletti v. Nicoletti, 902 So.2d 215, 216 (Fla. 2d DCA 2005); Lyn v. Lyn, 884 So.2d 181, 182 (Fla. 2d DCA 2004). Even if a trial court enters an order finding that a party is entitled to fees but reserving jurisdiction to determine the amount, the *248 party must still serve a timely motion under rule 1.525. Caldwell, 909 So.2d at 978. But see Hart v. City of Groveland, 919 So.2d 665, 669 (Fla. 5th DCA 2006) (questioning "whether it makes sense to require a motion" under rule 1.525 when a court enters a judgment granting fees and costs "and all that remains is a determination of the reasonable amount"). In Molloy v. Flood, 884 So.2d 256 (Fla. 2d DCA 2004), this court also determined that service of a notice of hearing instead of a motion for fees and costs is not sufficient to comply with the rule.
Here, the fact that the parties stipulated to entitlement did not satisfy the requirements of rule 1.525. To the extent Riverwood wished to obtain a judgment for fees and costs, it was obligated to serve a motion within thirty days after the filing of the order dismissing the case.
As we have done previously, we note that other appellate courts have held that a judgment reserving jurisdiction to award fees and costs automatically extends the time to file a rule 1.525 motion. See Saia Motor Freight Line, Inc. v. Reid, 888 So.2d 102 (Fla. 3d DCA 2004), review granted, 903 So.2d 190 (Fla.2005); Fisher v. John Carter & Assocs., Inc., 864 So.2d 493 (Fla. 4th DCA 2004). To the extent our holding conflicts with those decisions, we certify conflict.
Because Riverwood failed to timely serve a motion pursuant to rule 1.525, we reverse the judgment awarding attorneys' fees and costs. In light of our decision, the other issues argued by Gulf Shores are moot.
Reversed; conflict certified.
CASANUEVA and STRINGER, JJ., Concur.