WHATLEY, Judge.
The Former Husband appeals the final judgment awarding the Former Wife attorney’s fees incurred in postdissolution proceedings. We reverse.
The Former Wife filed a postjudgment supplemental petition raising four issues. The parties entered into a mediation settlement agreement regarding two of those issues, and an order incorporating that agreement was entered on November 14, 2003. The remaining issues concerned child support and attorney’s fees incurred in filing the petition.
On November 2, 2004, the Former Wife advised the Former Husband by letter that she was no longer pursuing the child support issue. On November 26, 2004, the Former Wife filed a notice of final hearing stating that the parties had resolved all issues set forth in the supplemental petition except the issue of attorney’s fees. At no time has the Former Wife filed a motion for attorney’s fees.
“[T]his court has ... held that [Florida Rule of Civil Procedure] ... 1.525 establishes a bright-line rule that requires a party to file a separate motion for attorney’s fees within thirty days of the entry of a judgment.” Nicoletti v. Nicoletti, 902 So.2d 215, 216 (Fla. 2d DCA 2005). Although rule 1.525 no longer applies to family law matters, Fla. Fam. L.R.P. 12.525, the change became effective on March 3, 2005. 902 So.2d at 216. It is the date the judgment is entered that triggers the right to attorney’s fees. Id. Because the order *494 incorporating the mediation settlement agreement was entered on November 14, 2003, rule 1.525 is applicable to this case.
The Former Wife argues that the trial court never entered an order or judgment entirely disposing of her supplemental petition, and therefore, rule 1.525 does not apply in this case. However, “[w]here an order after judgment is dis-positive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment .... ” Clear-water Fed. Sav. & Loan Ass’n v. Sampson, 336 So.2d 78, 79 (Fla.1976). Although rule 1.525 refers to a “judgment” and not a “final judgment,” see Lyn v. Lyn, 884 So.2d 181, 184 n. 3 (Fla. 2d DCA 2004), we conclude that the order incorporating the mediation settlement agreement was a final judgment because it completed all judicial labor with regard to two of the issues raised in the Former Wife’s petition. See id. at 184. Thus, the Former Wife was required by rule 1.525 to file a motion for attorney’s fees within thirty days of the entry of the order incorporating the marital settlement agreement. Because the Former Wife did not do so, we must reverse the award of fees to her.
The Former Wife concedes that the Former Husband was entitled to a hearing on his timely motion for attorney’s fees.
Accordingly, we reverse the final judgment awarding the Former Wife attorney’s fees, and we remand for a hearing on the Former Husband’s fee motion.
Reversed and remanded with directions.
STRINGER and VILLANTI, JJ., Concur.